1  SEYFARTH SHAW LLP
   Lorraine H. O'Hara (SBN 170153)
2  E-mail: lohara@seyfarth.com
    2029 Century Park East, Suite 3500
3  Los Angeles, California  90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Jill Porcaro (SBN 190412)
6  E-mail: jporcaro@seyfarth.com
   333 South Hope Street, Suite 3900
7  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
8  Facsimile:  (213) 270-9601

9  Attorneys for Defendant
   MERCK SHARP & DOHME CORP.
10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  JASON D. FRUDAKIS, an individual,     )  CASE NO.
    on behalf of himself and all persons  )  SACV11-00146 DOC (VBKx)
14  similarly situated,                    )  DEFENDANT'S NOTICE OF
                                           )  REMOVAL
15           Plaintiff,                    )
                                           )  [FEDERAL QUESTION,
16      v.                                 )  DIVERSITY AND CLASS ACTION
                                           )  FAIRNESS ACT OF 2005, 28 U.S.C.
17  MERCK SHARP & DOHME CORP.,             )  §§1331, 1332, 1367 AND 1441]
    and Does 1 through 50,                 )
18                                         )
                                           )
19           Defendants.                   )  Complaint filed:  Dec. 10, 2010
                                           )
20                                         )

21        TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

22  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF

23  RECORD:

24        PLEASE TAKE NOTICE that Defendant Merck Sharp & Dohme Corp.

25  ("Merck" or "Defendant") hereby removes the above-referenced action from the

26  Superior Court of the State of California for the County of Orange, to the United

27  States District Court for the Central District of California, pursuant to 28 U.S.C.

28

                                1
13059663v.2

1   §§1441 and 1446, asserting original federal jurisdiction under 28 U.S.C.

2   §§1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), federal question

3   jurisdiction under 28 U.S.C. §1331 and diversity jurisdiction under 28 U.S.C.

4   §1332(a), and states that removal is proper for the following reasons.

5   **BACKGROUND**

6       1.      Plaintiff Jason D. Frudakis ("Plaintiff") initially filed this action

7   against Merck on December 7, 2010 in the United States District Court, Southern

8   District of California, case entitled: *Jason D. Frudakis, et al. v. Merck Sharp &*

9   *Dohme Corp. et al*, Case No. 10CV2509 L CAB (the "Federal Court Complaint").

10  A true and correct copy of the Federal Court Complaint in this action is attached

11  hereto as Exhibit A.   The Federal Court Complaint was never served on

12  Defendant.

13      2.      Rather, in what appears to be an attempt to forum and/or judge shop,

14  Plaintiff immediately dismissed the Federal Court Complaint.  Attached hereto as

15  Exhibit B is a true and correct copy of the dismissal obtained from the court's

16  records.  The dismissal was never served on Defendant.

17      3.      A complaint that was substantially the same as the Federal Court

18  Complaint was filed in the Superior Court of the State of California for the County

19  of Orange, captioned *Jason D. Frudakis, et al. v. Merck Sharp & Dohme Corp. et*

20  *al*, Case No. 30-2010-00431914-CU-OE-CSC on or about December 10, 2010

21  ("State Court Complaint").[1]  A true and correct copy of the Summons and State

22  Court Complaint is attached hereto as Exhibit C.  Plaintiff's only substantive

23  revisions contained in the State Court Complaint are to the "Jurisdiction and

24  Venue" allegations.  Otherwise, Plaintiff's claims and allegations are identical in

25  both complaints, as are the parties.

26      4.      In his State Court Complaint (as well as his prior Federal Court

27  _____

28  [1] Notably, L.R. 83-1.2.1 provides:  "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

NOTICE OF REMOVAL

13059663v.2

1  Complaint), Plaintiff purports to allege on behalf of himself and classes of
2  similarly-situated Sales Representative employees in California and nationwide,
3  that Merck failed to pay them overtime in violation of the Fair Labor Standards
4  Act (29 U.S.C. §§ 201, et seq.) and California law, failed to provide them meal and
5  rest breaks as required by California law (California putative class only), failed to
6  provide them with accurate itemized wage statements as required by California law
7  (California putative class only) and failed to timely pay them all wages due at the
8  time of termination as required by California law (California putative class only).
9  Plaintiff further alleges Merck's alleged conduct constitutes unfair competition in
10  violation of California Business and Professions Code §§17200 *et seq*. (California
11  putative class only).

12        5.      On December 27, 2010, Plaintiff served the Summons and State Court
13  Complaint on Merck's agent for service of process, CT Corporation.

14        6.      On or about January 6, 2011, Plaintiff served Defendant with his
15  Notice of Violations of California Labor Code §§ 201, 203, 204, 226(a), 226.7,
16  510, 512, 551, 552, 1174, 1194, 1197, 1198 and the Applicable Industrial Welfare
17  Wage Commission Wage Orders, pursuant to California Labor Code § 2699.5.  A
18  true and correct copy of said notice is attached hereto as Exhibit D.

19        7.      On January 21, 2011, Merck served and filed its Answer to the State
20  Court Complaint asserting a general denial of Plaintiff's allegations and
21  affirmative defenses.  A true and correct copy of Merck's Answer to the State
22  Court Complaint is attached hereto as Exhibit E.

23        8.      On January 21, 2011, Merck further served and filed its Preemptory
24  Challenge pursuant to Cal. Code of Civ. Proc. §170.6.  A true and correct copy of
25  Merck's Preemptory Challenge pursuant to Cal. Code of Civ. Proc. §170.6 is
26  attached hereto as Exhibit F.

27        9.      Exhibits C and D constitute all pleadings, process and orders served
28  on Defendant in this action.

NOTICE OF REMOVAL
13059663v.2

1

## IDENTITY OF PARTIES

2      10.    Plaintiff Jason D. Frudakis was employed by Merck in California

3   from approximately June 1, 2006 through September 27, 2010.  Exh. C, ¶ 4, also

4   see Declaration of Regina Capiral ("Capiral Decl.), ¶ 10.  The Capiral Decl. is

5   attached hereto as Exhibit G.

6      11.    Defendant Merck is an international pharmaceutical company that

7   maintains its principal place of business in Whitehouse Station, New Jersey.

8   Merck maintains sales representatives in all fifty states, including California.  See

9   Exhibit G., Capiral Decl., ¶ 4.  Merck also conducts business in Puerto Rico and in

10  other countries.  *Id.*

11

## TIMELINESS OF REMOVAL

12     12.    Plaintiff first served Merck with the Summons and State Court

13  Complaint on December 27, 2010.

14     13.    This Notice of Removal is timely as it is filed within thirty (30) days

15  of service on Merck of a copy of the Summons and State Court Complaint.  28

16  U.S.C. §1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

17  344, 354 (1999).

18

## FEDERAL QUESTION JURISDICTION BASED ON

19

## THE FAIR LABOR STANDARDS ACT

20     14.    This action is one over which this Court has original jurisdiction

21  under 28 U.S.C. §1331, and may be removed by Defendant pursuant to 28 U.S.C.

22  §1441 in that it is a civil action over which the district courts have original

23  jurisdiction founded on claims arising under the laws of the United States.

24     15.    Federal question jurisdiction arises out of the fact that the Fourth

25  Cause of Action within the Complaint alleges a violation of the Fair Labor

26  Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*.  More specifically, Plaintiff

27  alleges that Defendant misclassified him and similarly-situated pharmaceutical

28  sales representatives nationwide as exempt employees and failed to pay them

13059663v.2

1  premium pay required under the FLSA when they worked more than 40 hours in a

2  week.  Exh. C ¶¶ 89-90.

3      16.    Pursuant to 28 U.S.C. §1367(a), the Court has supplemental

4  jurisdiction over each of Plaintiff's remaining causes of action because they arise

5  from the same nucleus of operative facts as the Fourth Cause of Action such that

6  they should all be tried in one action.  See *United Mine Workers v. Gibbs*, 383 U.S.

7  715, 72526 (1966).  Considerations of convenience, judicial economy and fairness

8  to the litigants strongly favor this Court exercising jurisdiction over all claims in

9  the Complaint.  *Id.*

## DIVERSE CITIZENSHIP OF THE PARTIES

## PLAINTIFF'S INDIVIDUAL CLAIMS

12     17.    **Plaintiff's Citizenship.**  Merck is informed and believes, and on that

13  basis alleges, that Plaintiff is currently a resident of the State of California.  *See* Ex.

14  C, ¶ 4, Exh. G, Capiral Decl., ¶ 10.  Merck is informed and believes, and on that

15  basis alleges, that Plaintiff was domiciled in California while he worked for Merck

16  and, therefore, Plaintiff is, or was, at the institution of this civil action, a citizen of

17  California.  *Id.*  Residence is *prima facie* evidence of domicile.  *State Farm Mut.*

18  *Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

19     18.    **Merck's Citizenship.**  Pursuant to 28 U.S.C. Section 1332(c), "a

20  corporation shall be deemed to be a citizen of any State by which it has been

21  incorporated and of the State where it has its principal place of business."  Merck

22  is now, and ever since this action commenced has been, incorporated under the

23  laws of the State of New Jersey, with its principal place of business in Whitehouse

24  Station, New Jersey. Exh. G, Capiral Decl., ¶¶ 4-5.

25     19.    Merck currently maintains employees and operations in all 50 states in

26  the United States and Puerto Rico.  Merck further has business operations in other

27  countries. See *Id.*  Merck's principal place of business is Whitehouse Station, New

28  Jersey because the appropriate test to determine a corporation's principal place of

1   business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192

2   (2010); *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir.

3   1990) ("Courts generally assign greater importance to the corporate headquarters

4   when no state is clearly the center of corporate activity").

5         20.    Under the "nerve center" test, the principal place of business is the

6   state where the "corporation's officers direct, control, and coordinate the

7   corporation's activities" and where the corporation maintains its headquarters.

8   *Hertz*, 130 S. Ct. at 1192. Whitehouse Station, New Jersey is the site of

9   Defendant's corporate office for purposes of performing executive functions. Exh.

10   C, ¶ 2; also see Exh. G, Capiral Decl., ¶ 5. Merck's executive operations are

11   managed from this location, including but not limited to, those operations relating

12   to administering company-wide policies and procedures, legal affairs, and general

13   operations of its business. *Id.* Defendant's Chief Executive Officer maintains his

14   office in New Jersey. *Id.* Since Merck's "nerve center" is in New Jersey, then its

15   principal place of business is New Jersey. Accordingly, Merck is, and has been at

16   all times since this action commenced, a citizen of New Jersey. As a result, Merck

17   is <u>not</u> now, and was <u>not</u> at the time of the filing of the State Court Complaint, a

18   citizen of the state of California for removal purposes.

19         21.    **Doe Defendants.** Pursuant to 28 U.S.C. §1441(a), the residence of

20   fictitious and unknown defendants should be disregarded for purposes of

21   establishing removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds*

22   *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

23   required to join in a removal petition). Thus, the existence of Doe defendants one

24   through fifty, does not deprive this Court of jurisdiction.

25         22.    This is also a civil action over which this Court has original

26   jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this

27   Court by defendant pursuant to 28 U.S.C. §§1367 and 1441(b) in that this action

28   involves citizens of different states and the amount in controversy exceeds the sum

13059663v.2

1    of $75,000, exclusive of interest and costs.

2        23.    While Merck denies liability as to Plaintiff's claims, Merck has a

3    reasonable, good faith belief that the amount in controversy, as to Plaintiff's

4    individual state law claims alone as alleged and pled in this action, exceeds

5    Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

6        24.    Plaintiff's State Court Complaint purports to allege state law claims

7    for (1) failure to pay overtime compensation in violation of Cal. Lab. Code §§510,

8    515.5, 551, 552, 1194 and 1198 *et seq.*, (2)  failure to provide meal and rest breaks

9    in violation of Cal. Labor Code §226.7, (3) failure to provide accurate itemized

10   wage statements in violation of Cal. Labor Code §226 and (4) unfair competition

11   in violation of Bus. and Prof. Code §17200, *et seq.*  In connection with these

12   causes of action, Plaintiff seeks unpaid wages, penalties, interest, and costs.  Exh.

13   C.

14       25.    In this case, Plaintiff did not allege the amount in controversy in his

15   State Court Complaint.  An action may be removed if the defendant establishes, by

16   a preponderance of the evidence that the amount in controversy exceeds the

17   jurisdictional amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th

18   Cir. 2007).  A defendant may meet its burden by providing evidence establishing

19   that it is "more likely than not" that the amount in controversy exceeds that

20   amount.  *Id.*

21       26.    In determining the amount in controversy, the Court must consider the

22   recovery sought, including penalties, as well as recoverable statutory attorneys'

23   fees (if properly pled).  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

24   1998) (claims for statutory attorneys' fees to be included in amount in controversy,

25   regardless of whether such an award is discretionary or mandatory); *Davenport v.*

26   *Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)

27   (punitive damages must be taken into account where recoverable under state law).

28       27.    Plaintiff's annual salary may be broken down into an hourly rate

7

NOTICE OF REMOVAL

13059663v.2

dividing his annual base salary by the number of work weeks he worked during the calendar year and then by dividing by 40 hours per work week. See Exh. C, ¶ 63. Broken down into hourly rates, Plaintiff was paid as follows: from June 12, 2006 through October 31, 2007 (approximately 72 weeks), Plaintiff was paid an annual base salary of $58,320.00, which is equivalent to a rate of $28.03 per hour; from November 1, 2007 through October 31 2008 (52 weeks), Plaintiff was paid an annual base salary of $60,240.00, which is equivalent to a rate of $28.96 per hour; from November 1, 2008 through March 31, 2009 (approximately 21 weeks), Plaintiff was paid an annual base salary of $63,852.00, which is equivalent to a rate of $30.69 per hour; from April 1, 2009 through March 31, 2010 (52 weeks), Plaintiff was paid an annual salary of $67,044.00, which is equivalent to the rate of $32.23 per hour; from April 1, 2010 through September 27, 2010 (approximately 25 weeks), Plaintiff was paid an annual salary of $69,564.00, which is equivalent to a rate of $33.44 per hour. See Exh. G., Capiral Decl., ¶ 11, Exh. 1.

28.     Plaintiff alleges that Sales Representatives "work ten (10) to twelve (12) hours each workday and ten (10) to twenty (20) hours of overtime each workweek." Exh. C, ¶ 7.[2]  Based upon that allegation, Merck assumes conservatively that Plaintiff will claim at least 10 hours worked per week for which he was not paid overtime. Calculating 10 hours of overtime per week at the above-referenced hourly rates with a start date of June 1, 2006 (the date Plaintiff commenced employment with Merck as a Sales Representative) and continuing through September 27, 2010 (the date of Plaintiff's termination), Plaintiff is seeking at least $66,805.30 in unpaid overtime compensation. See Exh. G.

29.     Plaintiff also alleges that he was regularly denied 30-minute meal periods. He alleges that Merck had a "uniform policy and practice to make unavailable mandatory meal … breaks to the Plaintiff and Class Members" and

---

[2] Merck vigorously denies that any of the California putative class members, including Plaintiff, ever worked this amount of overtime.

13059663v.2

1  that "DEFENDANT's uniform practice requires PLAINTIFF and the Class

2  members to work continuously throughout the workday without being supplied

3  meal … periods in accordance with the number of hours they worked."   Exh. C, ¶

4  52.  Plaintiff seeks one (1) hour of pay at his regular rate of compensation for each

5  workday that a meal period was not provided.   Exh. C, ¶ 53.  At an average hourly

6  rate of $30.74 and based upon the assumption that he was denied meal breaks at

7  least 2.5 times per week, and Plaintiff worked fifty weeks in 2007, fifty weeks in

8  2008, fifty weeks in 2009 and thirty-five weeks in 2010, Plaintiff is seeking

9  $14,212.63 ($30.73 (Plaintiff's average hourly wage) x 2.5 (violations per week) x

10  185 weeks) in penalties for missed meal breaks for the period January 2, 2007

11  through September 27, 2010.

12          30.     Plaintiff alleges that Merck had a "uniform policy and practice to

13  make unavailable mandatory … rest breaks to the Plaintiff and Class Members"

14  and that "DEFENDANT's uniform practice requires PLAINTIFF and the Class

15  members to work continuously throughout the workday without being supplied …

16  rest periods in accordance with the number of hours they worked."   Exh. C, ¶ 52.

17  Plaintiff seeks one hour of compensation at his regular rate of pay for each day

18  where he was not provided with a rest break.  Exh. C, ¶ 54.  At an average hourly

19  rate of $30.73 and based upon the presumption that rest breaks were denied at least

20  2.5 times per week, and that Plaintiff worked fifty weeks in 2007, fifty weeks in

21  2008, fifty weeks in 2009 and thirty-five weeks in 2010, Plaintiff is seeking

22  $14,212.63 ($30.73 (Plaintiff's average hourly wage) x 2.5 (violations per week) x

23  185 weeks) in penalties for missed rest breaks for the period January 1, 2007

24  through September 27, 2010.

25          31.     Plaintiff also seeks penalties pursuant to Cal. Labor Code §226.   Exh.

26  C, ¶¶ 81-82.  Section 226 provides for a $50 penalty (per employee) for the initial

27  pay period in which a violation occurs and $100 penalty (per employee) for each

28  subsequent pay period, not to exceed an aggregate penalty of $4,000.  Starting

13059663v.2

1   from December 10, 2009 (one year prior to the filing of the complaint) and

2   calculating the penalty for ten pay periods, Plaintiff is seeking penalties under

3   § 226 of $950.00.

4         32.   Plaintiff also seeks waiting time penalties under Cal. Labor Code

5   §203 for thirty days pay. Exh. C, ¶ 77. Plaintiff's base pay at the time of his

6   termination was $69,564.00. His equivalent hourly wage at the time of his

7   termination was approximately $33.44 per hour (69,564.00 annual salary ÷ 52

8   weeks = 1337.76 ÷ 40 hours = $33.44). Multiplying Plaintiff's hourly rate of pay

9   by eight hours per day (33.44 x 8 hours = $267.52), Plaintiff's daily base pay

10   earnings were approximately $267.55. Multiplied by thirty days, (267.52 x 30

11   days), Plaintiff seeks waiting time penalties totaling $8,025.60.

12         33.   Based on the foregoing calculations, Plaintiff is seeking $104,206.16

13   in unpaid wages and penalties, not including attorneys' fees.

14         34.   So long as at least one named plaintiff has a claim in excess of

15   $75,000.00, a federal court may exercise supplemental jurisdiction over all other

16   class members with similar claims. See *Exxon Mobil Corp. v. Allapattah Servs.,*

17   *Inc.,* 545 U.S. 546, 549 (2005).

18         35.   In addition, if attorneys' fees are recoverable by the plaintiff under

19   statute or contract, they are included in calculating the amount in controversy.

20   *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that

21   attorneys' fees are to be included in the amount in controversy if the action is

22   brought under a statute that "mandates or allows" the recovery of fees). Here,

23   Plaintiff brings claims for wages under the California Labor Code, which expressly

24   authorizes an award of attorneys' fees to the prevailing party. Plaintiff, if

25   successful, would be entitled to an award of attorneys' fees (if properly pled) that

26   itself would likely exceed $75,000.00.

27         36.   Since diversity of citizenship exists and while Merck denies any

28   liability as to Plaintiff's claims, it is "more likely than not" that the amount in

13059663v.2

1   controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28

2   U.S.C. §1332(a).

### CLASS ACTION FAIRNESS ACT ("CAFA")

### PUTATIVE CALIFORNIA CLASS

5       37.    This Court has original jurisdiction of this action under CAFA,

6   codified in pertinent part at 28 U.S.C. §1332(d)(2). As set forth below, this action

7   is properly removable, pursuant to 28 U.S.C. §1441(a), in that the district court has

8   original jurisdiction over the action, because the aggregated amount in controversy

9   exceeds $5,000,000, exclusive of interest and costs, and the action is a class action

10   in which at least one class member is a citizen of a state different from that of

11   Merck. 28 U.S.C. §§1332(d)(2) & (d)(6). Furthermore, the number of California

12   putative class members is greater than 100. Exh. C, ¶ 33(c), 39, 43(a), 45(e); 28

13   U.S.C. §1332(d)(5)(B). Further, based on information and belief, Plaintiff and a

14   number of the putative California members are citizens of California. See Exh. G,

15   Capiral Decl., ¶ 10.

16       38.    The claims of the individual members in a class action are aggregated

17   to determine if the amount in controversy exceeds the sum or value of $5,000,000,

18   even when considering the state law claims only. 28 U.S.C. §1332(d)(6). In

19   addition, Congress intended for federal jurisdiction to be appropriate under CAFA

20   "if the value of the matter in litigation exceeds $5,000,000 either from the

21   viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

22   type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."

23   Senate Judiciary Committee Report, S. REP. 109-14, at 49. Moreover, the Senate

24   Judiciary Committee's Report on the final version of CAFA makes clear that any

25   doubts regarding the maintenance of interstate class actions in state or federal court

26   should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 49("[I]f a

27   federal court is uncertain about whether 'all matters in controversy' in a purported

28   class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the

13059663v.2

1  court should err in favor of exercising jurisdiction over the case . . . .  Overall, new

2  section 1332(d) is intended to expand substantially federal court jurisdiction over

3  class actions.  Its provisions should be read broadly, with a strong preference that

4  interstate class actions should be heard in a federal court if properly removed by

5  any defendant.").

6      39.    Although Plaintiff has not alleged the amount of his individual

7  damages, or alleged the damages of the putative class in his State Court Complaint,

8  it is clear that the alleged amount in controversy in this putative class action

9  exceeds, in the aggregate, $5,000,000.[3]  The State Court Complaint alleges a

10  California putative class that consists of in excess of 100 persons.  Exh. C, ¶¶

11  33(a), 39, 43(a), 45(c).  As set forth below, the amount in controversy implicated

12  by the class-wide allegations exceeds $5,000,000.  Merck denies that Plaintiff or

13  the putative class is entitled to anything by the Complaint, as Plaintiff's claims rest

14  on faulty assumptions.  Nevertheless, the amount in controversy is dictated by

15  Plaintiff's claims, not the merits.  Plaintiff alleges multiple sources of state law

16  potential remedies and penalties in the State Court Complaint:  (1) allegedly

17  unpaid overtime wages; (2) meal and rest break premium pay; (3) waiting time

18  penalties; and (4) wage statement penalties.  Exh. C.  The State Court Complaint

19  alleges that Merck violated California Labor Code §§201-203, 226, 226.7, 515,

20  1194, and 1198 and Bus. and Prof. Code §17200.

21      40.    Based on information and belief Plaintiff and other putative California

22  class members are citizens of California.  Exh. C, ¶ 4, Exh. G, Carpiral Decl., ¶ 10.

23      41.    Plaintiff seeks to represent all current and former California-based

24  "Sales Representatives," "Customer Care Representatives" or persons with similar

25  titles and/or similar job duties, who worked for Merck within the State of

26  _____

27  [3] Moreover, Plaintiff affirmatively stated in his Federal Court Complaint (which he subsequently dismissed) that "with respect to his state law claims . . . on behalf of a class that exceeds 100 persons," the amount in controversy "involves more than

28  $5,000,000."  See Exh. A. ¶ 46.

NOTICE OF REMOVAL

13059663v.2

1   California at any time during the period from December 10, 2006 to final judgment

2   who are allegedly:  (a) owed straight time wages; (b) owed overtime; (c) owed

3   compensation for not being provided meal and rest periods; (d) not timely

4   furnished with accurate itemized wage statements; and (e) not timely paid their

5   wages upon termination.  Exh. C, ¶¶ 10-11, 20-21, 24, 37, 42, 52.

6          42.    In 2010, Merck employed approximately 452 sales representatives in

7   California with an average base salary of $97,773.25. Exh. G, Capiral Decl., ¶¶ 6-

8   7.   In 2009, Merck employed approximately 428 "Sales Representatives" in

9   California, with an average base salary of $86,134.82.  *Id*.  In 2008, Merck

10   employed approximately 509 sales representatives" in California, with an average

11   base salary of $82,332.85.  *Id*.   In 2007, Merck employed approximately 650 sales

12   Representatives in California, with an average base salary of $76,680.02.  *Id*. The

13   average corresponding hourly rate of the California putative class members in 2010

14   is approximately $46.99/hour, $41.41 in 2009, $39.58/hour in 2008, and

15   $36.87/hour in 2007.   The average corresponding hourly rate for the California

16   putative class members between 2007 and 2010 is $39.27.  Throughout the

17   putative class period, Merck has employed an average of 509 employees who are

18   putative California class members as sales representatives in California.

19          43.    Based on the number of California putative class members and

20   Plaintiff's claims, the amount in controversy for unpaid wages, missed meal and

21   rest breaks, inaccurate wage statements and waiting time penalties as alleged in the

22   State Court Complaint exceeds $5,000,000, on the California state law claims only.

23   In addition, Plaintiff has asserted potential class claims for restitution and

24   injunctive relief (including disgorgement) for unfair competition, which if proven

25   to be true and viable claims, would further increase the amounts in controversy.

26   As Plaintiff has not alleged his particular damages, reasonable estimates of the

27   alleged amount in controversy are appropriate.   See *Abrego v. The Dow Chemical*

28   *Co.*, 443 F.3d 676, 688-90 (9th Cir. 2006) (the preponderance of evidence standard

13

13059663v.2

1    applies where a plaintiff "seeks no specific amount in damages," and a court will

2    consider facts in the removal petition to determine whether the jurisdictional

3    requirements are met).

4    **A.**    <u>**Labor Code §226(e)**</u>

5    44.    The Complaint alleges that Merck failed to provide the California

6    Class members with accurate itemized wage statements, in violation of California

7    Labor Code §226(a). Exh. C, ¶¶ 81-82. Plaintiff alleges that under Labor Code

8    §226(e) he and the "CALIFORNIA LABOR SUB-CLASS may elect to recover

9    liquidated damages of $50 for the initial pay period in which the violation

10    occurred, and $100 for each violation in a subsequent pay period pursuant to Labor

11    Code §226, in an amount according to proof at the time of trial (but in no event

12    more than $4,000.00 for the PLAINTIFF and each respective member of the

13    CALIFORNIA LABOR SUB-CLASS herein)." Exh. C, ¶ 82. The statute of

14    limitations for recovery of penalties under Labor Code §226 is one year. Cal. Civ.

15    Proc. Code §340(a).

16    45.    Courts have assumed a 100% violation rate in calculating the amount

17    in controversy for removal purposes when the complaint does not allege a more

18    precise calculation. See, *e.g.*, *Coleman v. Estes Express Lines, Inc.*, 2010 U.S.

19    Dist. LEXIS 79772 at *18-19 (C.D. Cal. 2010) ("Plaintiff included no limitation on

20    the number of violations, and, taking his complaint as true, Defendants could

21    properly calculate the amount in controversy based on a 100% violation rate);

22    *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515 at *11-13 (E.D.

23    Cal. 2007) (concluding that plaintiff was the "master of [her] claims, and if she

24    wanted to avoid removal, she could have alleged facts specific to her claims which

25    would narrow the scope of the putative class or the damages sought." *Id.* at 13).

26    46.    Based on Cal. Labor Code §226(e), which provides that damages are

27    the greater of all actual damages or $50 for the first violation and $100 for every

28    violation thereafter, per employee, up to $4,000. Thus, based on Plaintiff's

13059663v.2

1 allegation, the money allegedly owed would equal $4,000 x 450 (approximate

2 number of sales representatives employed from December 10, 2009 through

3 December 31, 2010) or $1,800,000.00.

4 **B.    Labor Code §203 (Waiting Time Penalties)**

5        47.    In addition, Plaintiff seeks waiting-time penalties under California

6 Labor Code §203 for the putative class for each separated employee. Exh. C, ¶¶

7 42(b), 77, Prayer p. 39.  Plaintiff and putative class members seek statutory

8 penalties under Labor Code §203 of up to 30 days' pay for failure to pay all wages

9 due at termination Exh. C, Prayer, p. 39.  Plaintiff alleges that Merck never paid

10 Plaintiff or putative class members wages due for missed meal and rest periods and

11 overtime.  Exh. C, ¶ 52.  Therefore, per the allegations in the Complaint, Plaintiff

12 seeks 30 days' wages for each putative California class member whose

13 employment separated more than thirty days prior to the filing of the State Court

14 Complaint.

15        48.    There is a three-year statute of limitations for claims seeking waiting

16 time penalties for unpaid wages under Cal. Labor Code §203.  See Cal. Lab. Code

17 §203 and Cal. Code Civ. Proc. §338.

18        49.    However from only July 21, 2009 through November 2, 2010 (which

19 is 30 days prior to the filing of the State Court Complaint), there are approximately

20 55 terminated putative California Class members.  Exh. G, Caprial Decl., ¶ 8.  The

21 average hourly rate of pay for the putative California Class is approximately

22 $44.28 from 2009 to 2010.  Thus, the penalties sought under section 203 (based on

23 a calculation of average hourly rate ($44.28) x (8 hours per day) x (# of days

24 before payment (30) x 55 # of separated employees) = $584,496.00.

25        50.    Taken together, the potential penalties under Cal. Labor Code §§203

26 and 226(e) alone exceed $2,384,496.00 ($1,800,000 + $584,496).  Plaintiff seeks

27 additional damages for alleged failure to provide meal and rest breaks in violation

28 of Labor Code §226.7, failure to pay overtime, plus an undisclosed amount for

13059663v.2

1  costs.  It is more likely than not that the amount in controversy exceeds $5,000,000

2  because if just any **one** of the following factors is also considered, then the amount

3  in controversy will exceed $5,000,000.  All of these factors can be considered

4  based on Plaintiff's allegations.

**C.   Unpaid Overtime Compensation**

6  51.  Plaintiff alleges that Plaintiff and the putative California class

7  members generally "work ten (10) to twelve (12) hours each workday and ten (10)

8  to twenty (20) hours of overtime each workweek" and that  Merck failed to pay for

9  overtime wages owed to Plaintiff and the putative California class members.  Exh.

10  C, ¶¶ 7, 9.  Although Plaintiff alleges that he and the putative class members

11  regularly worked ten to twenty hours of overtime each week, even if the estimate

12  was five hours of unpaid overtime compensation per week, the amount in

13  controversy would be the sum of (509 average number of employees) x (50 work

14  weeks/year) x (five overtime hour/week) x ($39.27 average hourly wage) x (1.5

15  overtime premium multiplier) x (4 years of class period) = $29,982,645.00.

**D.   Unpaid Meal/Rest Break Compensation**

17  52.  Plaintiff seeks separate payments for 1) denial of meal periods and 2)

18  denial of rest breaks.  Exh. C, ¶¶ 15, 52-55.  The money owed for a meal period or

19  rest break that is not provided is one hour of pay.  Cal. Labor Code §226.7.

20  Plaintiff alleges the putative California class members are entitled to one hour of

21  pay at the regular rate for each meal period missed and one hour of pay at the

22  regular rate for each rest period missed.  Exh. C, ¶¶ 53-54.  Based on these

23  allegations, even assuming conservatively that Plaintiff alleges just one missed

24  meal period denied per week to Plaintiff and the California putative class members,

25  the amount in controversy for the alleged denial of meal periods would be (509

26  average number of employees) x (4 years of class period) x (48 weeks/year) x (one

27  missed meal period per week) x ($39.27 average hourly wage)= $3,917,732.28.

28  Based on Plaintiff's allegation that the putative class is entitled to premium pay for

13059663v.2

1 | missed rest breaks, the calculation would be the same for one missed rest period
2 | per week.

3 | **E.** **Attorney's Fees**

4 | 53.   Although the foregoing alone establishes by a preponderance of the
5 | evidence that the amount in controversy exceeds $5 million, attorney's fees, are
6 | also recoverable for Plaintiff's wage claims (if properly pled), and therefore, must
7 | also be taken into account in ascertaining the amount in controversy.  See *Galt G/S*
8 | *v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory
9 | attorney's fees to be included in amount in controversy, regardless of whether
10 | award is discretionary or mandatory).  Fees could be as much as thirty percent of
11 | the judgment.  See *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303
12 | (3d Cir. 2005) (noting study done by the Federal Judicial Center that found a
13 | median percentage recovery range of 27-30% for all class actions resolved or
14 | settled over a four-year period).

15 | 54.   Because diversity of citizenship exists, the Plaintiff and other putative
16 | California class members being citizens of the State of California and the
17 | Defendant being a citizen of the State of New Jersey, the amount of putative class
18 | members is over 100, and the amount in controversy exceeds $5,000,000, this
19 | Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(d)(2).
20 | This action is therefore a proper one for removal to this Court.

21 | **VENUE**

22 | 55.   Venue lies in the Central District of this Court pursuant to 28 U.S.C.
23 | §§1441 and 1446(a).  This action is being removed from the Superior Court of the
24 | State of California, County of Orange.  See Exh. C.  Defendant believes that once
25 | removed, this action should be transferred to the United States District Court for
26 | the Southern District of California because it was previously filed by Plaintiff there
27 | and was then unilaterally dismissed by Plaintiff and refiled in the Superior Court,
28 | County of Orange.

13059663v.2

1

## NOTICE OF REMOVAL

2      56.    This Notice of Removal will be promptly served on Plaintiff and filed

3 with the Clerk of the Superior Court of the State of California in and for the

4 County of Orange.

5      57.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all

6 "process, pleadings, and orders served" upon Defendant in the action are attached

7 hereto as Exhibits C and D   .

8      WHEREFORE, Merck requests that the above action pending before the

9 Superior Court of the State of California for the County of Orange be removed to

10 the United States District Court for the Central District of California.

11 DATED: January 25, 2011          SEYFARTH SHAW LLP

12

13                    By

14                        Jill A. Porcaro
                            Attorneys for Defendant

15                        MERCK SHARP & DOHME CORP.

16

17

18

19

20

21

22

23

24

25

26

27

28

13059663v.2

# EXHIBIT A

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                 **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14  JASON D. FRUDAKIS, an individual, on   |   CASE No.   **'10CV2509 L     CAB**
    behalf of himself and all persons similarly
15  situated,                                   **CLASS AND COLLECTIVE ACTION
                                               COMPLAINT FOR:**
16            Plaintiff,                        1.  UNFAIR COMPETITION IN
                                               VIOLATION OF CAL. BUS. & PROF.
17  vs.                                        CODE §§ 17200 et seq.;
                                               2.   FAILURE TO PAY OVERTIME
18  MERCK SHARP & DOHME CORP.,                 COMPENSATION IN VIOLATION OF
                                               CAL. LAB. CODE §§ 510, 515.5, 551,
19                                             552, 1194 AND 1198, et seq.;
                                               3.  FAILURE TO PROVIDE
20            Defendant.                       ACCURATE ITEMIZED STATEMENTS
                                               IN VIOLATION OF CAL. LAB. CODE §
21                                             226; and,
                                               4.   FAILURE TO PAY OVERTIME
22                                             COMPENSATION IN VIOLATION OF
                                               29 U.S.C. §§ 201 et seq.
23
                                               **DEMAND FOR A JURY TRIAL**
24

25

26

27

28

                   CLASS AND COLLECTIVE ACTION COMPLAINT

1  Plaintiff Jason D. Frudakis ("PLAINTIFF"), on behalf of himself and all other similarly
2  situated current and former employees, allege on information and belief, except for his own acts
3  and knowledge, the following:

4

5  ## THE PARTIES

6  1.  Merck Sharp & Dohme Corp. is one of the seven largest pharmaceutical
7  companies in the world both by market capitalization and revenue.  Merck Sharp & Dohme
8  Corp. hereinafter also referred to as "MERCK" or "DEFENDANT" discovers, manufacturers
9  and markets a broad range of innovative healthcare products including vaccines, prescription
10  products, consumer products, biologic products and animal health products. MERCK operates
11  in more than 140 countries and employs approximately 100,000 individuals worldwide to
12  deliver these innovative health solutions.  The corporation was founded in 1941 and is
13  headquartered in Whitehouse Station, New Jersey.

14  2.  MERCK maintains its principal place of business in Whitehouse Station, New
15  Jersey and also serves regional markets throughout the United States promoting its unique blend
16  of product offerings. The Global Human Health division at MERCK, formally called the United
17  States Human Health division is responsible in relevant part, for marketing MERCK's products
18  and ensuring that the products are marketed according to specified MERCK standards.

19  3.  As part of MERCK's business, DEFENDANT employs individuals
20  whose primary job duty is promoting DEFENDANT's pharmaceutical healthcare products.
21  These employees distribute free samples of DEFENDANT's products to physicians and
22  encourage physicians to prescribe DEFENDANT's products to patients in order to stimulate the
23  sales of these products. These employees have the job titles of "Pharmaceutical Sales
24  Representative" and "Customer Representative." Collectively, all employees in these positions,
25  with or without a "I, II or III" descriptor, and who perform this job duty are referred to herein
26  as "Sales Representatives." This Action is brought on behalf of the PLAINTIFF and all those
27  employees of DEFENDANT in California who worked for DEFENDANT as a Sales
28  Representative during the CLASS PERIOD ("CLASS" or "Class Members").

4.     Plaintiff Jason D. Frudakis ("PLAINTIFF") was employed by DEFENDANT in California as a "Pharmaceutical Sales Representative" and "Customer Representative" from June 2006 to September 2010.

5.     The position of "Pharmaceutical Sales Representative" and "Customer Representative" was represented by DEFENDANT to the PLAINTIFF and the other Sales Representatives as an exempt and a salaried position.

6.     For DEFENDANT's business, the Class Members functioned as working members on the DEFENDANT's marketing and sales staff.  As defined by DEFENDANT's comprehensive corporate policies and procedures, the primary job duty of the Class Members employed by MERCK was and is to promote DEFENDANT's pharmaceutical healthcare products in accordance with DEFENDANT's established specific procedures and protocols which govern and control every aspect of the work performed by the Sales Representatives.  The primary job duty of these Class Members was not and is not to make sales and/or obtain orders or contracts for products.  MERCK's standardized procedures mirror the realities of the workplace evidencing a uniformity of work among the Sales Representatives and negate any exercise of independent judgment and discretion as to any matter of significance and any customary and regular engagement in sales-related activity.

7.     The work schedule for Sales Representatives was set by DEFENDANT. Generally, the Class Members work ten (10) to twelve (12) hours each workday and ten (10) to twenty (20) hours of overtime each workweek.

8.     DEFENDANT has not established an alternative workweek election for Sales Representatives for ten (10) to twelve (12) hour workdays.

9.     PLAINTIFF and the other Sales Representatives were not provided with overtime compensation and other benefits required by law as a result of being classified as "exempt" by DEFENDANT.

10.     PLAINTIFF brings this Class Action on behalf of himself and a California Class consisting of all individuals who are or previously were employed by Defendant Merck Sharp & Dohme Corp. promoting pharmaceutical healthcare products in California

1   (the "CALIFORNIA CLASS") during the period beginning on the date four years before the

2   filing of this action and ending on the date as determined by the Court (the "CALIFORNIA

3   CLASS PERIOD").

4       11.    As a matter of company policy, practice, and procedure, DEFENDANT

5   has unlawfully, unfairly and/or deceptively classified every Sales Representative as exempt

6   based on job title alone, failed to pay the required overtime compensation, and otherwise

7   failed to comply with all applicable labor laws with respect to these Sales Representatives.

8       12.    The agents, servants, and/or employees of the DEFENDANT and each of them

9   acting on behalf of the DEFENDANT acted within the course and scope of his, her or its

10  authority as the agent, servant, and/or employee of the DEFENDANT, and personally

11  participated in the conduct alleged herein on behalf of the DEFENDANT with respect to the

12  conduct alleged herein.  Consequently, DEFENDANT is jointly and severally liable to the

13  PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as

14  a proximate result of the conduct of the DEFENDANT's agents, servants, and/or employees.

15

16                    **THE CONDUCT**

17      13.    The primary job duty required of the Sales Representatives is promoting

18  DEFENDANT's pharmaceutical healthcare products to physicians in order to stimulate the

19  sales of these products in accordance with established protocol and performing tasks as

20  directed or assigned by DEFENDANT.  This primary job duty of the sales representatives is

21  a non-exempt task.

22      14.    PLAINTIFF and the Sales Representatives performed the non-exempt labor

23  described herein above in accordance with DEFENDANT's comprehensive and uniform

24  corporate policies, procedures and protocols.  In accordance with DEFENDANT's

25  comprehensive and uniform corporate policies, procedures and protocols, DEFENDANT

26  instituted a blanket classification policy, practice and procedure by which all of these Sales

27  Representatives were classified as exempt from overtime compensation, rest breaks and

28  meal breaks.  By reason of this uniform exemption practice, policy and procedure applicable

1   to the PLAINTIFF and all other Sales Representatives who performed this non-exempt

2   labor, DEFENDANT committed acts of unfair competition in violation of the California

3   Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a

4   uniform company-wide policy, practice and procedure which failed to properly classify the

5   PLAINTIFF and the other Sales Representatives and thereby failed to pay them overtime

6   wages for documented overtime hours worked and provide them with meal and rest breaks.

7   The proper classification of these employees is the DEFENDANT's burden.  As a result of

8   DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

9   failed to pay all required overtime compensation for work performed by the members of the

10   CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated

11   thereunder as herein alleged.  In addition, DEFENDANT failed to provide all of the legally

12   required off-duty meal and rest breaks to the PLAINTIFF and other Sales Representatives as

13   required by the applicable Wage Order and Labor Code.

14        15.    DEFENDANT, as a matter of law, has the burden of proving that (a)

15   employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

16   with applicable laws.  Other than the initial classification of the PLAINTIFF and the other

17   Sales Representatives as exempt from being paid overtime based on job title alone,

18   DEFENDANT had no business policy, practice, or procedure to ensure that the PLAINTIFF

19   and the other Sales Representatives were properly classified as exempt, and in fact, as a

20   matter of corporate policy erroneously, unilaterally and uniformly classified all the Class

21   Members as exempt based on job title alone.

22        16.    During their employment with DEFENDANT, the PLAINTIFF and the

23   other Sales Representatives, primarily performed non-exempt job duties, but were

24   nevertheless classified by DEFENDANT as exempt from overtime pay and worked more

25   than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive

26   day of a workweek.

27        17.    PLAINTIFF and the other Sales Representatives employed by DEFENDANT

28   were not primarily engaged in work of a type that was or now is directly related to the

1  making of sales, management or general business operations of the employer's customers,

2  when giving these words a fair but narrow construction. PLAINTIFF and the other Sales

3  Representatives employed by DEFENDANT were also not primarily engaged in work of a

4  type that was or now is performed for the purpose of obtaining orders or contracts for

5  products for the DEFENDANT. PLAINTIFF and the other Sales Representatives employed

6  by DEFENDANT were also not primarily engaged in work of a type that was or now is

7  performed more than half the time actually selling, including sales-related activities.

8  PLAINTIFF and the other Sales Representatives employed by DEFENDANT were also not

9  primarily engaged in work of a type that was or now is performed at the level of the policy

10  or management of the DEFENDANT. PLAINTIFF and the other Sales Representatives

11  employed by DEFENDANT were also not primarily engaged in work requiring knowledge

12  of an advanced type in a field or science or learning customarily acquired by a prolonged

13  course of specialized intellectual instruction and study, but rather their work primarily

14  involves the performance of routine mental, manual, and/or physical processes. PLAINTIFF

15  and the other Sales Representatives employed by DEFENDANT were also not primarily

16  engaged in work that is predominantly intellectual and varied in character, but rather is

17  routine mental, manual, mechanical, and/or physical work that is of such character that the

18  output produced or the result accomplished can be standardized in relation to a given period

19  of time. The work of a Sales Representative of the DEFENDANT was work wherein the

20  PLAINTIFF and members of the CALIFORNIA CLASS were primarily engaged in the day-

21  to-day operations of promoting DEFENDANT's pharmaceutical healthcare products in strict

22  accordance with the uniform protocols, policies and operations established by

23  DEFENDANT.

24       18.    The primary job duty of the PLAINTIFF and other Sales Representatives

25  employed by DEFENDANT was and is promoting DEFENDANT's pharmaceutical

26  healthcare products for DEFENDANT's benefit. As a result, the PLAINTIFF and other

27  Sales Representatives employed by DEFENDANT were primarily engaged in work that falls

28  outside the scope of the "outside salesperson" exemption and should have been properly

1    classified as non-exempt employees.

2       19.    PLAINTIFF and all members of the CALIFORNIA CLASS are and were

3    uniformly classified and treated by DEFENDANT as exempt at the time of hire and

4    thereafter, DEFENDANT failed to take the proper steps to determine whether the

5    PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under

6    the applicable Industrial Welfare Commission Wage Order (Wage Order 1-2001 and/or

7    Wage Order 4-2001) and Cal. Lab. Code §§ 510 et seq. as exempt from applicable federal

8    and state labor laws. Since DEFENDANT affirmatively and wilfully misclassified the

9    PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with California

10   Labor Laws, DEFENDANT's practices violated and continue to violate the law. In addition,

11   the DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF and

12   each member of the CALIFORNIA CLASS that they were exempt from overtime pay when

13   DEFENDANT knew or should have known that this statement was false and not based on

14   known facts. The DEFENDANT also acted unfairly by violating the labor laws of

15   California, and as a result of this policy and practice, DEFENDANT also violated the UCL.

16   In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS

17   less than the amount competitors paid who complied with the law and cheated the

18   CALIFORNIA CLASS by not paying them in accordance with California law.

19      20.    DEFENDANT failed to provide and still fails to provide the PLAINTIFF and

20   the other Sales Representatives with a wage statement in writing that accurately sets forth

21   gross wages earned, all applicable hourly rates in effect during the pay period and the

22   corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

23   Sales Representatives. This conduct violates California Labor Code § 226. The paystub

24   also does not accurately display anywhere PLAINTIFF's and the other Sales

25   Representatives' overtime hours and applicable rates of overtime pay for the pay period.

26      21.    By reason of this uniform conduct applicable to the PLAINTIFF and all

27   CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in

28   violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the

1    "UCL"), by engaging in a company-wide policy and procedure which failed to correctly

2    classify the PLAINTIFF and the CALIFORNIA CLASS of Sales Representatives as non-

3    exempt. The proper classification of these employees is the DEFENDANT's burden. As a

4    result of DEFENDANT's intentional disregard of the obligation to meet this burden,

5    DEFENDANT failed to properly calculate and/or pay all required overtime compensation

6    for work performed by the members of the CALIFORNIA CLASS and violated the

7    applicable Wage Order, the California Labor Code and the regulations promulgated

8    thereunder as herein alleged.

9

10                          **THE UCL REMEDIES**

11        22.    As a result of DEFENDANT's UCL violation, PLAINTIFF, on behalf

12   of himself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of

13   DEFENDANT's ill-gotten gains into a fluid fund in order to provide restitution of all the

14   money that DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFF

15   and all the other CALIFORNIA CLASS members. PLAINTIFF also seeks all other relief

16   available to him and the other Sales Representatives located in California under California

17   law. PLAINTIFF also seeks declaratory relief finding that the employment practices and

18   policies of the DEFENDANT violate California law.

19

20                          **THE CALIFORNIA CLASS**

21        23.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

22   Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq. (the

23   "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a

24   California Class, defined as all individuals who are or previously were employed by

25   Defendant Merck Sharp & Dohme Corp. as a Sales Representative as hereinabove defined in

26   California during the period beginning on the date four years before the filing of this Action

27   and ending on the date as determined by the Court (the "CALIFORNIA CLASS").

28        24.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

1   CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

2   accordingly.

3       25.   DEFENDANT, as a matter of corporate policy, practice and procedure,

4   and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

5   Wage Order Requirements, and the applicable provisions of California law, intentionally,

6   knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully,

7   and deceptively instituted a practice to ensure that the employees employed in a Sales

8   Representative position were not properly classified as non-exempt from the requirements of

9   California Labor Code §§ 510, et seq.

10      26.   DEFENDANT has the burden of proof that each and every employee is

11   properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et seq.

12   DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in

13   place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice

14   that misclassifies the CALIFORNIA CLASS members as exempt.  DEFENDANT's uniform

15   policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and

16   currently in place is to systematically classify each and every CALIFORNIA CLASS

17   member as exempt from the requirements of the California Labor Code §§ 510, et seq.  This

18   common business practice applicable to each and every CALIFORNIA CLASS member can

19   be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

20   Business & Professions Code §17200, et seq. (the "UCL") as causation, damages, and

21   reliance are not elements of this claim.

22      27.   At no time before, during or after the PLAINTIFF's employment with

23   DEFENDANT was any Sales Representative reclassified as non-exempt from the applicable

24   requirements of California Labor Code §§ 510, et seq. after each CALIFORNIA CLASS

25   member was initially, uniformly, and systematically classified as exempt upon being hired.

26      28.   Any individual declarations of any employees offered at this time purporting

27   to indicate that one or more Sales Representative may have been properly classified is of no

28   force or affect absent contemporaneous evidence that DEFENDANT's uniform system did

1   not misclassify the PLAINTIFF and the other Sales Representatives as exempt pursuant to

2   Cal. Lab. Code §§ 510, et seq.  Absent proof of such a contemporaneous system,

3   DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the

4   UCL and may be so adjudicated on a class-wide basis.  As a result of the UCL violations,

5   the PLAINTIFF and the CALIFORNIA CLASS members are entitled to compel

6   DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains into a fluid

7   fund in order to restitute these funds to the PLAINTIFF and the members of the

8   CALIFORNIA CLASS according to proof.

9       29.    The CALIFORNIA CLASS is so numerous that joinder of all Sales

10   Representatives, is impracticable.

11          (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof.

12                 Code § 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or

13                 deceptively having in place company policies, practices and procedures

14                 that uniformly misclassified the PLAINTIFF and the members of the

15                 CALIFORNIA CLASS as exempt;

16          (b)    Committing an act of unfair competition in violation of the UCL, by

17                 unlawfully, unfairly, and/or deceptively failing to have in place a

18                 company policy, practice and procedure that accurately determined the

19                 amount of working time spent by the PLAINTIFF and the members of

20                 the CALIFORNIA CLASS performing non-exempt labor;

21          (c)    Committing an act of unfair competition in violation of the UCL, by

22                 having in place a company policy, practice and procedure that failed to

23                 reclassify as non-exempt those members of the CALIFORNIA CLASS

24                 whose actual job duties are primarily comprised of non-exempt job

25                 functions;

26          (d)    Committing an act of unfair competition in violation of the UCL, by

27                 violating Cal. Lab. Code §§510, *et seq.* by failing to pay the correct

28                 overtime pay to the PLAINTIFF and members of the CALIFORNIA

1                        CLASS who were improperly classified as exempt, and retaining the

2                        unpaid overtime to the benefit of DEFENDANT;

3         (e)     Committing an act of unfair competition in violation of the UCL, by

4                        failing to provide mandatory meal and/or rest periods to the

5                        PLAINTIFF and the Class Members; and,

6         (f)     Committing an act of unfair competition in violation of the UCL, by

7                        violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF

8                        and the members of the CALIFORNIA CLASS with an accurate

9                        itemized statement in writing showing the gross wages earned, the net

10                     wages earned, all applicable hourly rates in effect during the pay period

11                     and the corresponding number of hours worked at each hourly rate by

12                     the employee.

13    30.    This Class Action meets the statutory prerequisites for the maintenance

14  of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

15         (a)     The persons who comprise the CALIFORNIA CLASS exceed 100

16                     persons and are therefore so numerous that the joinder of all such

17                     persons is impracticable and the disposition of their claims as a class

18                     will benefit the parties and the Court;

19         (b)     Nearly all factual, legal, statutory, and declaratory relief issues that are

20                     raised in this Complaint are common to the CALIFORNIA CLASS will

21                     apply uniformly to every member of the CALIFORNIA CLASS;

22         (c)     The claims of the representative PLAINTIFF are typical of the claims

23                     of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all

24                     other members of the CALIFORNIA CLASS, was initially classified as

25                     exempt upon hiring based on the defined corporate policies and

26                     practices and labored under DEFENDANT's systematic procedure that

27                     failed to properly classify the PLAINTIFF and the members of the

28                     CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a

1        result of DEFENDANT's employment practices.  PLAINTIFF and the

2        members of the CALIFORNIA CLASS were and are similarly or

3        identically harmed by the same unlawful, deceptive, unfair and

4        pervasive pattern of misconduct engaged in by the DEFENDANT by

5        deceptively advising all Sales Representatives that they were exempt

6        from overtime wages based on the defined corporate policies and

7        practices, and unfairly failing to pay overtime to these employees who

8        were improperly classified as exempt.

9      (d)     The representative PLAINTIFF will fairly and adequately represent and

10        protect the interest of the CALIFORNIA CLASS, and has retained

11        counsel who are competent and experienced in Class Action litigation.

12        There are no material conflicts between the claims of the representative

13        PLAINTIFF and the members of the CALIFORNIA CLASS that would

14        make class certification inappropriate.  Counsel for the CALIFORNIA

15        CLASS will vigorously assert the claims of all employees in the

16        CALIFORNIA CLASS.

17    31.     In addition to meeting the statutory prerequisites to a Class Action, this action

18 is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3),

19 in that:

20      (a)     Without class certification and determination of declaratory, statutory

21        and other legal questions within the class format, prosecution of

22        separate actions by individual members of the CALIFORNIA CLASS

23        will create the risk of:

24        1)     Inconsistent or varying adjudications with respect to individual

25           members of the CALIFORNIA CLASS which would establish

26           incompatible standards of conduct for the parties opposing the

27           CALIFORNIA CLASS; and/or,

28        2)     Adjudication with respect to individual members of the

1                       CALIFORNIA CLASS which would as a practical matter be

2                       dispositive of interests of the other members not party to the

3                       adjudication or substantially impair or impede their ability to

4                       protect their interests.

5     (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

6          to act on grounds generally applicable to the CALIFORNIA CLASS,

7          making appropriate class-wide relief with respect to the CALIFORNIA

8          CLASS as a whole in that the DEFENDANT uniformly classified and

9          treated the Sales Representatives as exempt and, thereafter, uniformly

10        failed to take proper steps to determine whether the Sales

11        Representatives were properly classified as exempt, and thereby denied

12        these employees overtime wages as required by law;

13        1)    With respect to the First Cause of Action, the final relief on

14               behalf of the CALIFORNIA CLASS sought does not relate

15               exclusively to restitution because through this claim the

16               PLAINTIFF seeks declaratory relief holding that the

17               DEFENDANT's policy and practices constitute unfair

18               competition, along with incidental equitable relief as may be

19               necessary to remedy the conduct declared to constitute unfair

20               competition;

21     (c)    Common questions of law and fact exist as to the members of the

22          CALIFORNIA CLASS, with respect to the practices and violations of

23          California Law as listed above, and predominate over any question

24          affecting only individual members, and a Class Action is superior to

25          other available methods for the fair and efficient adjudication of the

26          controversy, including consideration of:

27        1)    The interests of the members of the CALIFORNIA CLASS in

28               individually controlling the prosecution or defense of separate

1   actions in that the substantial expense of individual actions will

2   be avoided to recover the relatively small amount of economic

3   losses sustained by the individual CALIFORNIA CLASS

4   members when compared to the substantial expense and burden

5   of individual prosecution of this litigation;

6   2)   Class certification will obviate the need for unduly duplicative

7   litigation that would create the risk of:

8   A.   Inconsistent or varying adjudications with respect to

9   individual members of the CALIFORNIA CLASS, which

10   would establish incompatible standards of conduct for the

11   DEFENDANT; and/or,

12   B.   Adjudications with respect to individual members of the

13   CALIFORNIA CLASS would as a practical matter be

14   dispositive of the interests of the other members not

15   parties to the adjudication or substantially impair or

16   impede their ability to protect their interests;

17   3)   In the context of wage litigation because as a practical matter a

18   substantial number of individual Class Members will avoid

19   asserting their legal rights out of fear of retaliation by

20   DEFENDANT, which may adversely affect an individual's job

21   with DEFENDANT or with a subsequent employer, the Class

22   Action is the only means to assert their claims through a

23   representative; and,

24   4)   A Class Action is superior to other available methods for the fair

25   and efficient adjudication of this litigation because class

26   treatment will obviate the need for unduly and unnecessary

27   duplicative litigation that is likely to result in the absence of

28   certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2)

CLASS AND COLLECTIVE ACTION COMPLAINT
-13-

1              and/or (3).

2      32.    This Court should permit this action to be maintained as a Class Action

3   pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

4              (a)    The questions of law and fact common to the CALIFORNIA CLASS

5                     predominate over any question affecting only individual members

6                     because the DEFENDANT's employment practices were uniform and

7                     systematically applied with respect to the CALIFORNIA CLASS;

8              (b)    A Class Action is superior to any other available method for the fair

9                     and efficient adjudication of the claims of the members of the

10                    CALIFORNIA CLASS because in the context of employment litigation

11                    a substantial number of individual Class Members will avoid asserting

12                    their rights individually out of fear of retaliation or adverse impact on

13                    their employment;

14             (c)    The members of the CALIFORNIA CLASS exceed 100 persons and

15                    are therefore so numerous that it is impractical to bring all members of

16                    the CALIFORNIA CLASS before the Court;

17             (d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not

18                    be able to obtain effective and economic legal redress unless the Action

19                    is maintained as a Class Action;

20             (e)    There is a community of interest in obtaining appropriate legal and

21                    equitable relief for the acts of unfair competition, statutory violations

22                    and other improprieties, and in obtaining adequate compensation for the

23                    injuries which DEFENDANT's actions have inflicted upon the

24                    CALIFORNIA CLASS;

25             (f)    There is a community of interest in ensuring that the combined assets of

26                    DEFENDANT are sufficient to adequately compensate the members of

27                    the CALIFORNIA CLASS for the injuries sustained;

28             (g)    DEFENDANT had acted or refused to act on grounds generally

CLASS AND COLLECTIVE ACTION COMPLAINT
-14-

1   applicable to the CALIFORNIA CLASS, thereby making final class-
2   wide relief appropriate with respect to the CALIFORNIA CLASS as a
3   whole;

4   (h)   The members of the CALIFORNIA CLASS are readily ascertainable
5   from the business records of DEFENDANT.  The CALIFORNIA
6   CLASS consists of all DEFENDANT's Sales Representatives
7   employed in California during the CALIFORNIA CLASS PERIOD;
8   and,

9   (i)   Class treatment provides manageable judicial treatment calculated to
10   bring an efficient and rapid conclusion to all litigation of all wage and
11   hour related claims arising out of the conduct of DEFENDANT as to
12   the members of the CALIFORNIA CLASS.

13   33.   DEFENDANT maintains records from which the Court can ascertain and
14   identify by name and job title, each of DEFENDANT's employees who have been
15   systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,
16   practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the
17   Complaint to include any additional job titles of similarly situated employees when they
18   have been identified.

19
20   **THE CALIFORNIA LABOR SUB-CLASS**

21   34.   PLAINTIFF further brings the Second and Third Causes of Action on
22   behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were
23   employed by DEFENDANT during the period beginning on the date three (3) years prior to
24   the filing of this Action and ending on the date as determined by the Court (CALIFORNIA
25   LABOR SUB-CLASS PERIOD), who performed work in excess of eight (8) hours in one
26   day and/or forty (40) hours in one workweek and/or hours on the seventh (7th) consecutive
27   day of a workweek and did not receive overtime compensation (the "CALIFORNIA
28   LABOR SUB-CLASS") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

35.   DEFENDANT, as a matter of corporate policy, practice and procedure,

1    and in violation of the applicable California Labor Code ("Labor Code"), and Industrial

2    Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully,

3    and systematically misclassified the PLAINTIFF and the other members of the

4    CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from

5    overtime wages and other labor laws based on DEFENDANT's comprehensive policies and

6    procedures in order to avoid the payment of overtime wages by misclassifying their

7    positions as exempt from overtime wages and other labor laws.  To the extent equitable

8    tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against

9    DEFENDANT, the class period should be adjusted accordingly.

10       36.    DEFENDANT has intentionally and deliberately created a number of job

11   job titles such as "Pharmaceutical Sales Representative" and "Customer Representative"

12   which were distributed in order to create the superficial appearance of a number of unique

13   jobs, when in fact, these jobs are substantially similar and can be easily grouped together for

14   the purpose of determining whether they were all misclassified.  One of DEFENDANT's

15   purposes in creating and maintaining this multi-title and multi-level job classification

16   scheme is to create an artificial barrier to discovery and class certification for all employees

17   similarly misclassified as exempt.  DEFENDANT has uniformly misclassified these

18   CALIFORNIA LABOR SUB-CLASS  members as exempt and denied them overtime wages

19   and other benefits to which non-exempt employees are entitled in order to unfairly cheat the

20   competition and unlawfully profit.

21       37.    DEFENDANT maintains records from which the Court can ascertain and

22   identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

23   SUB-CLASS  members have been systematically, intentionally and uniformly misclassified

24   as exempt as a matter of DEFENDANT's corporate policy, practices and procedures.

25   PLAINTIFF will seek leave to amend the Complaint to include these additional job titles

26   when they have been identified.

27       38.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

28   members, which number over 100 Sales Representatives, is impracticable.

39.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

  (a) Whether DEFENDANT unlawfully failed to pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

  (b) Whether the members of the CALIFORNIA LABOR SUB-CLASS are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California Law;

  (c) Whether DEFENDANT's policy and practice of classifying the CALIFORNIA LABOR SUB-CLASS members as exempt from overtime compensation and failing to pay the CALIFORNIA LABOR SUB-CLASS members overtime violate applicable provisions of California law;

  (d) Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUB-CLASS  members with accurate records of overtime hours worked;

  (e) Whether DEFENDANT's policy and practice of failing to pay members of the CALIFORNIA LABOR SUB-CLASS all wages when due within the time required by law after their employment ended violates California law; and,

  (f) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS.

40.     DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Sales Representatives as exempt from overtime wages and other labor laws.  All Sales Representatives, including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime

1  compensation.  This business practice was uniformly applied to each and every member of

2  the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can

3  be adjudicated on a class-wide basis.

4      41.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

5  under California law by:

6      (a)    Violating Cal. Lab. Code §§ 510, et seq. by misclassifying and thereby

7      failing to pay the PLAINTIFF and the members of the CALIFORNIA

8      LABOR SUB-CLASS the correct overtime pay for a workday longer

9      than eight (8) hours, a workweek longer than forty (40) hours, and/or all

10      hours worked on the seventh (7th) consecutive day of a workweek for

11      which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

12      (b)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

13      when an employee is discharged or quits from employment, the

14      employer must pay the employee all wages due without abatement, by

15      failing to tender full payment and/or restitution of wages owed or in the

16      manner required by California law to the members of the

17      CALIFORNIA LABOR SUB-CLASS who have terminated their

18      employment;

19      (c)    Violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF

20      and the members of the CALIFORNIA LABOR SUB-CLASS who

21      were improperly classified as exempt with an accurate itemized

22      statement in writing showing the gross wages earned, the net wages

23      earned, all applicable hourly rates in effect during the pay period and

24      the corresponding number of hours worked at each hourly rate by the

25      employee.

26      42.    This Class Action meets the statutory prerequisites for the maintenance of a

27  Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

28      (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUB-CLASS, was improperly classified as exempt and denied overtime pay as a result of DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's violations of California law; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all Class Members.

43.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of

CLASS AND COLLECTIVE ACTION COMPLAINT
-19-

separate actions by individual members of the CALIFORNIA LABOR
SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual
members of the CALIFORNIA LABOR SUB-CLASS which
would establish incompatible standards of conduct for the parties
opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the
CALIFORNIA LABOR SUB-CLASS which would as a
practical matter be dispositive of interests of the other members
not party to the adjudication or substantially impair or impede
their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have
acted or refused to act on grounds generally applicable to the
CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide
relief with respect to the CALIFORNIA LABOR SUB-CLASS as a
whole in that the DEFENDANT uniformly classified and treated the
Sales Representatives as exempt and, thereafter, uniformly failed to
take proper steps to determine whether the Sales Representatives were
properly classified as exempt, and thereby denied these employees
overtime wages as required by law;

(c)    Common questions of law and fact predominate as to the members of
the CALIFORNIA LABOR SUB-CLASS, with respect to the practices
and violations of California Law as listed above, and predominate over
any question affecting only individual members, and a Class Action is
superior to other available methods for the fair and efficient
adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR
SUB-CLASS in individually controlling the prosecution or

1  defense of separate actions in that the substantial expense of

2  individual actions will be avoided to recover the relatively small

3  amount of economic losses sustained by the individual

4  CALIFORNIA LABOR SUB-CLASS members when compared

5  to the substantial expense and burden of individual prosecution

6  of this litigation;

7  2)  Class certification will obviate the need for unduly duplicative

8  litigation that would create the risk of:

9  A.  Inconsistent or varying adjudications with respect to

10  individual members of the CALIFORNIA LABOR SUB-

11  CLASS, which would establish incompatible standards of

12  conduct for the DEFENDANT; and/or,

13  B.  Adjudications with respect to individual members of the

14  CALIFORNIA LABOR SUB-CLASS would as a

15  practical matter be dispositive of the interests of the other

16  members not parties to the adjudication or substantially

17  impair or impede their ability to protect their interests;

18  3)  In the context of wage litigation because a substantial number of

19  individual class members will avoid asserting their legal rights

20  out of fear of retaliation by DEFENDANT, which may adversely

21  affect an individual's job with DEFENDANT or with a

22  subsequent employer, the Class Action is the only means to

23  assert their claims through a representative; and,

24  4)  A Class Action is superior to other available methods for the fair

25  and efficient adjudication of this litigation because class

26  treatment will obviate the need for unduly and unnecessary

27  duplicative litigation that is likely to result in the absence of

28  certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2)

1                and/or (3).

2        44.     This Court should permit this Action to be maintained as a Class Action

3 pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

4             (a)    The questions of law and fact common to the CALIFORNIA LABOR

5                   SUB-CLASS predominate over any question affecting only individual

6                   members;

7             (b)    A Class Action is superior to any other available method for the fair

8                   and efficient adjudication of the claims of the members of the

9                   CALIFORNIA LABOR SUB-CLASS because in the context of

10                   employment litigation a substantial number of individual Class

11                   Members will avoid asserting their rights individually out of fear of

12                   retaliation or adverse impact on their employment;

13             (c)    The members of the CALIFORNIA LABOR SUB-CLASS exceed 100

14                   persons and are therefore so numerous that it is impractical to bring all

15                   members of the CALIFORNIA LABOR SUB-CLASS before the Court;

16             (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

17                   members, will not be able to obtain effective and economic legal

18                   redress unless the action is maintained as a Class Action;

19             (e)    There is a community of interest in obtaining appropriate legal and

20                   equitable relief for the acts of unfair competition, statutory violations

21                   and other improprieties, and in obtaining adequate compensation for the

22                   damages and injuries which DEFENDANT's actions have inflicted

23                   upon the CALIFORNIA LABOR SUB-CLASS;

24             (f)    There is a community of interest in ensuring that the combined assets of

25                   DEFENDANT are sufficient to adequately compensate the members of

26                   the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

27            (g)    DEFENDANT has acted or refused to act on grounds generally

28                   applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of those Sales Representatives who worked overtime hours and who were not paid overtime; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

45.   This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C.§1331 and supplemental jurisdiction of the PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

46.   Further, with respect to the state law class claims, these state law class claims are brought as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that exceeds 100 persons, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of DEFENDANT.  As a result, this Court also has original jurisdiction over the state law class claims under 28 U.S.C. § 1332 (CAFA Jurisdiction).

47.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this District; (ii) DEFENDANT maintains offices or facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CALIFORNIA CLASS in this District.

### FIRST CAUSE OF ACTION

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200 et seq.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against ALL DEFENDANTS)**

48.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

49.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

50.     California Business & Professions Code § 17200 et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

51.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to provisions of the Wage Orders, the California Labor Code, the regulations of the Department of Labor, and the opinions of the Department of Labor Standards Enforcement, for which this Court should issue declaratory, and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

52.     Throughout the CLASS PERIOD, it was also DEFENDANT's uniform policy and practice to make unavailable mandatory meal and rest breaks to the PLAINTIFF and the Class Members.  DEFENDANT's uniform practice requires PLAINTIFF and the Class Members to work continuously throughout the workday without being supplied meal and/or

1   rest periods in accordance with the number of hours they worked.  At all relevant times

2   during the CLASS PERIOD, DEFENDANT failed to provide any compensated work time

3   for interrupting and/or failing to provide such breaks to the PLAINTIFF and the Class

4   Members.   DEFENDANT's conduct therefore violates Labor Code §§ 226.7 and 512.

5       53.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

6   member of the CLASS, one (1) hour of pay for each workday in which an off-duty meal

7   period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

8   for each workday in which a second off-duty meal period was not timely provided for each

9   ten (10) hours of work.

10      54.    PLAINTIFF further demands on behalf of himself and on behalf of each

11  member of the CLASS, one (1) hour of pay for each workday in which a rest period was not

12  timely provided as required by law.

13      55.    By and through the unfair and unlawful business practices described herein

14  above, DEFENDANT has obtained valuable property, money, and services from the

15  PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them

16  of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

17  DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory and equitable

18  relief is necessary to prevent and remedy this unfair competition.

19      56.    All the acts described herein as violations of, among other things, the

20  California Labor Code, California Code of Regulations, and the Industrial Welfare

21  Commission Wage Orders, are unlawful, are in violation of public policy, are immoral,

22  unethical, oppressive, and unscrupulous, and are likely to deceive employees, as herein

23  alleged, and thereby constitute deceptive, unfair and unlawful business practices in violation

24  of Cal. Bus. and Prof. Code § 17200 et seq.

25      57.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further

26  entitled to, and do, seek a declaration that the above described business practices are

27  deceptive unfair and/or unlawful.

28      58.    The practices herein alleged presently continue to occur unabated.  As a result

1    of the unfair and unlawful business practices described above, PLAINTIFF, and the other

2    members of the CALIFORNIA CLASS, have suffered legal and economic harm.

3

4                         **SECOND CAUSE OF ACTION**

5                **For Failure To Pay Overtime Compensation**

6         **[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

7         **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

8        59.     PLAINTIFF, and the other members of the CALIFORNIA LABOR

9    SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

10    paragraphs 1 through 58 of this Complaint.

11        60.     Cal. Lab. Code § 510 states in relevant part:

12            Eight hours of labor constitutes a day's work. Any work in excess of eight
hours in one workday and any work in excess of 40 hours in any one
13            workweek and the first eight hours worked on the seventh day of work in any
one workweek shall be compensated at the rate of no less than one and one-
14            half times the regular rate of pay for an employee. Any work in excess of 12
hours in one day shall be compensated at the rate of no less than twice the
15            regular rate of pay for an employee. In addition, any work in excess of eight
hours on any seventh day of a workweek shall be compensated at the rate of
16            no less than twice the regular rate of pay of an employee.

17        61.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

18    labor is entitled to one day's rest therefrom in seven."

19        62.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

20    employees to work more than six days in seven."

21        63.     Cal. Lab. Code § 515(d) provides: "For the purpose of computing the

22    overtime rate of compensation required to be paid to a nonexempt full-time salaried

23    employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly

24    salary.

25        64.     Cal. Lab. Code § 1194 states:

26            Notwithstanding any agreement to work for a lesser wage, any employee
receiving less than the legal minimum wage or the legal overtime
27            compensation applicable to the employee is entitled to recover in a civil action
the unpaid balance of the full amount of this minimum wage or overtime
28            compensation, including interest thereon, reasonable attorney's fees, and costs
of suit.

65.     Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

66.     In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages
(3) Wages recovered pursuant to this section shall be paid to the affected employee.
(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

67.     DEFENDANT has intentionally and uniformly designated certain employees as " exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production side of the DEFENDANT's business.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

68.     For an employee to be exempt as an "outside salesperson," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be making sales as defined to include any

1       sale, exchange, contract to sell, consignment sale, shipment for sale, or other

2       disposition; or

3     (b)    The employee must obtain orders or contracts for services or for the use of

4       facilities for which a consideration will be paid by the client or customer; and,

5     (c)    The employee must customarily and regularly spend more than half the work

6       time away from the employer's place of business engaged in sales-related

7       activity; and,

8     (d)    The employee must be primarily engaged in duties which meet the test of

9       exemption.

10  No member of the CALIFORNIA LABOR SUB-CLASS was or is an outside salesperson

11  because they all fail to meet the requirements of being an "outside salesperson" within the

12  meaning of the applicable Wage Order.

13     69.    For an employee to be exempt as a bona fide "executive," all the following

14  criteria must be met and DEFENDANT has the burden of proving that:

15     (a)    The employee's primary duty must be management of the enterprise, or of a

16       customarily recognized department or subdivision; and,

17     (b)    The employee must customarily and regularly direct the work of at least two

18       (2) or more other employees; and,

19     (c)    The employee must have the authority to hire and fire, or to command

20       particularly serious attention to his or his recommendations on such actions

21       affecting other employees; and,

22     (d)    The employee must customarily and regularly exercise discretion and

23       independent judgment; and,

24     (e)    The employee must be primarily engaged in duties which meet the test of

25       exemption.

26  No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because

27  they all fail to meet the requirements of being an "executive" within the meaning of the

28  applicable Wage Order.

70.   For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)   The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)   The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)   The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)   The employee must execute special assignments and tasks under only general supervision; and,

(f)   The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under the applicable Wage Order.

71.   The Industrial Welfare Commission, in Wage Order 1-2001 and 4-2001, at section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)   Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized

intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2) Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3) Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b) The employee must customarily and regularly exercise discretion and independent judgment; and,

(c) The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

72.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, do not fit the definition of an exempt outside salesperson, executive, administrative, or professional employee because:

(a) They did not work as outside salespeople, executives or administrators; and,

(b) The professional exemption does not apply to the PLAINTIFF, nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

73.     During the class period, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

74.     At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were regularly required to work, and did in fact work, overtime hours.

75.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

76.     DEFENDANT knew or should have known that the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

77.     Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, request recovery of overtime compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment, these employees would also be entitled to waiting time penalties under Labor Code § 203, which penalties are sought herein, because

1  DEFENDANT's failure to pay such overtime wages was willful. Further, PLAINTIFF, and

2  the other members of the CALIFORNIA LABOR SUB-CLASS, are entitled to seek and

3  recover statutory costs, and therefore request statutory costs as well.

4      78.    In performing the acts and practices herein alleged in violation of labor laws

5  and refusing to provide the requisite overtime compensation, the DEFENDANT acted and

6  continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

7  toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious

8  and utter disregard of their legal rights, or the consequences to them, and with the despicable

9  intent of depriving them of their property and legal rights and otherwise causing them injury

10  in order to increase corporate profits at the expense of the PLAINTIFF and the members of

11  the CALIFORNIA CLASS.

12

13  **THIRD CAUSE OF ACTION**

14  **For Failure to Provide Accurate Itemized Statements**

15  **[Cal. Lab. Code § 226]**

16  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

17      79.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

18  SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

19  paragraphs 1 through 78 of this Complaint.

20      80.    Cal. Labor Code § 226 provides that an employer must furnish employees

21  with an "accurate itemized statement in writing" showing:

22      (1) gross wages earned,
    (2) total hours worked by the employee, except for any employee whose

23      compensation is solely based on a salary and who is exempt from payment of
    overtime under subdivision (a) of Section 515 or any applicable order of the

24      Industrial Welfare Commission,
    (3) the number of piecerate units earned and any applicable piece rate if the employee

25      is paid on a piece-rate basis,
    (4) all deductions, provided that all deductions made on written orders of the

26      employee may be aggregated and shown as one item,
    (5) net wages earned,

27      (6) the inclusive dates of the period for which the employee is paid,
    (7) the name of the employee and his or her social security number, except that by

28      January 1, 2008, only the last four digits of his or her social security number or an
    employee identification number other than a social security number may be shown on

the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.     At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective overtime rates of pay.

82.     DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## FOURTH CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")

### (By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)

83.     PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 82 of this Complaint.

84.     DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

85.     The PLAINTIFF further brings the Fourth Cause of Action on behalf of a

COLLECTIVE CLASS in accordance with 29 U.S.C. §216 which consists of all Sales Representatives employed in the United States by DEFENDANT during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court, and who performed work in excess of forty (40) hours in one week (the "COLLECTIVE CLASS").

86.   29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

87.   29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

88.   Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

89.   DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt " employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANT's business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

90.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the

1   PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime
2   compensation for all overtime hours actually worked, at a rate not less than one and one-half
3   times their regular rate of pay for all hours worked in excess of forty (40) hours in any
4   workweek. DEFENDANT's failure to pay overtime wages as required by federal law was
5   willful and not in good faith.

6        91.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the
7   exempt status of an employee. The exempt or nonexempt status of any particular employee
8   must be determined on the basis of whether the employee's salary and duties meet the
9   requirements of the regulations in this part.

10        92.    The exemptions of the FLSA as listed in section 13(a), and as explained by 29
11   C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE
12   CLASS, because their work consists of non-management, production line labor performed with
13   skills and knowledge acquired from on-the-job training, rather than from the prolonged course
14   of specialized intellectual instruction required for exempt learned professional employees such
15   as medical doctors, architects and archeologists. Sales Representatives either do not hold an
16   advanced degree, have not taken any prolonged course of specialization, and/or have attained
17   the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

18        93.    For an employee to be exempt as a bona fide "executive," all the following
19   criteria must be met and DEFENDANT has the burden of proving that:

20       (a)    The employee's primary duty must be management of the enterprise, or of a
21                customarily recognized department or subdivision;

22       (b)    The employee must customarily and regularly direct the work of at least two (2)
23                or more other employees;

24       (c)    The employee must have the authority to hire and fire, or to command
25                particularly serious attention to his or his recommendations on such actions
26                affecting other employees; and,

27       (d)    The employee must be primarily engaged in duties which meet the test of
28                exemption.

1  No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet

2  the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

3  Moreover, none of the members of the COLLECTIVE CLASS managed the work of two or

4  more other employees in a customarily recognized department or subdivision of the employer,

5  and whose recommendations as to the hiring, firing, advancement, promotion or other change

6  of status of the other employees were given particular weight and therefore, they do not qualify

7  for the executive exemption.

8      94.    For an employee to be exempt as a bona fide "administrator,"all of the following

9  criteria must be met and DEFENDANT has the burden of proving that:

10      (a)    The employee must perform office or non-manual work directly related to

11          management or general business operation of the employer or the employer's

12          customers;

13      (b)    The employee must customarily and regularly exercise discretion and

14          independent

15          judgment with respect to matters of significance; and,

16      (c)    The employee must regularly and directly assist a proprietor or an exempt

17          administrator; or,

18      (d)    The employee must perform under only general supervision, work requiring

19          special training, experience, or knowledge; and,

20      (e)    The employee must be primarily engaged in duties which meet the test of

21          exemption.

22  No member of the COLLECTIVE CLASS was or is an administrator because they all fail to

23  meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29

24  C.F.R. 541.300. Moreover, their primary duty does not include work such as planning,

25  scheduling, and coordinating activities required to develop systems to solve complex business

26  or scientific problems of the employer or the employer's customers and therefore, they are not

27  qualified for the administrative exemption.

28      95.    For an employee to be exempt as a bona fide "professional", the

1  DEFENDANT has the burden of proving that the primary duty of the employee is the
2  performance of work that:

3      (a)    Requires knowledge of an advanced type in a field of science or learning
4             customarily acquired by a prolonged course of specialized intellectual instruction;
5             or

6      (b)    Requires invention, imagination, originality or talent in a recognized field of
7             artistic or creative endeavor.

8  No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet
9  the requirements of being an "professional" within the meaning of 29 CFR 541.300.
10 Further, the PLAINTIFF and the other Sales Representatives operated under intense scrutiny
11 from management and are strictly dictated by written guidelines and standardized procedures.

12      96.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other
13 members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

14      97.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and other
15 members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked
16 in excess of the maximum hours permissible by law as required by section 207 of the FLSA,
17 even though the PLAINTIFF, and the other members of the COLLECTIVE CLASS, were
18 regularly required to work, and did in fact work, overtime hours.

19      98.    For purposes of the Fair Labor Standards Act, the employment practices of
20 DEFENDANT were and are uniform throughout the United States in all respects material to the
21 claims asserted in this Complaint.

22      99.    There are no other exemptions applicable to the PLAINTIFF and/or to members
23 of the COLLECTIVE CLASS.

24      100.   As a result of DEFENDANT's failure to pay overtime compensation for
25 overtime hours worked, as required by the FLSA, the PLAINTIFF and the members of the
26 COLLECTIVE CLASS were damaged in an amount to be proved at trial.

27      101.   Therefore, the PLAINTIFF demands that he and the members of the
28 COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour

1  of overtime worked in any workweek for which they were not compensated, plus interest and

2  statutory costs as provided by law.

3

4  **PRAYER**

5       WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and

6  severally, as follows:

7  1.    On behalf of the CALIFORNIA CLASS:

8      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

9            CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

10      B)    An order requiring DEFENDANT to correctly calculate and pay all wages and

11            all sums unlawfuly withheld from compensation due to the PLAINTIFF and

12            the other members of the CALIFORNIA CLASS; and,

13      C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

14            fund for restitution of the sums incidental to DEFENDANT's violations due to

15            the PLAINTIFF and to the other members of the CALIFORNIA CLASS

16            according to proof.

17      D)    An order temporarily, preliminarily, and permanently enjoining and restraining

18            DEFENDANT from engaging in similar unlawful conduct as set forth herein.

19  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

20      A)    That the Court certify the Second and Third Causes of Action asserted by the

21            CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to Fed. R.

22            Civ. Proc. 23(b)(2) and/or (3);

23      B)    Compensatory damages, according to proof at trial, including compensatory

24            damages for overtime compensation due to the PLAINTIFF and the other

25            members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

26            CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

27      C)    The wages of all terminated employee from the CALIFORNIA LABOR SUB-

28            CLASS as a penalty from the due date thereof at the same rate until paid or

1  until an action therefor is commenced, in accordance with Cal. Lab. Code §

2  203; and,

3  D)  The greater of all actual damages or fifty dollars ($50) for the initial pay

4  period in which a violation occurs and one hundred dollars ($100) per each

5  member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

6  subsequent pay period, not exceeding an aggregate penalty of four thousand

7  dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

8  3.  On behalf of the COLLECTIVE CLASS:

9  A)  That the Court certify the Fourth Cause of Action asserted by the

10  COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

11  B)  Issue a declaratory finding that DEFENDANT's acts, policies, practices and

12  procedures complained of herein violated provisions of the Fair Labor

13  Standards Act;

14  C)  That the PLAINTIFF and the other members of the COLLECTIVE CLASS

15  recover compensatory damages and an equal amount of liquidated damages as

16  provided under the law and in 29 U.S.C. § 216(b).

17  4.  On all claims:

18  A)  An award of interest, including prejudgment interest at the legal rate;

19  B)  An award of penalties and cost of suit, as allowable under the law.  Neither

20  this prayer nor any other allegation or prayer in this Complaint is to be

21  construed as a request, under any circumstance, that would result in a request

22  for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

23  C)  Such other and further relief as the Court deems just and equitable.

24

25  Dated:  December 6, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK

26

27  By:___/s/ Norman B. Blumenthal_____
        Norman B. Blumenthal
        Attorneys for Plaintiff

28

### DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   December 6, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:   /s/ Norman B. Blumenthal
      Norman B. Blumenthal
      Attorneys for Plaintiff

Case 3:10-cv-02509-L CAB Document 1 Filed 12/07/10 Page 42 of 42

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JASON D. FRUDAKIS

## DEFENDANTS
MERCK SHARP & DOHME CORP.

**(b)** County of Residence of First Listed Plaintiff **Los Angeles County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Norman Blumenthal, Blumenthal, Nordrehaug & Bhowmik,
2255 Calle Clara, La Jolla, CA, 92037, (858)551-1223

Attorneys (If Known)

'10CV2509 L     CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28.1331
Brief description of cause:
Claims for unpaid overtime compensation under Federal and California law

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
12/06/2010

SIGNATURE OF ATTORNEY OF RECORD
/s/ Norman B. Blumenthal

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**61**

# EXHIBIT B

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON D. FRUDAKIS, an individual, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCK SHARP & DOHME CORP.,<br><br>Defendant. | CASE No. 3:10-cv-02509-L -CAB<br><br>NOTICE OF VOLUNTARY DISMISSAL<br><br><br>Assigned to: Judge M. James Lorenz<br><br>Referred to: Magistrate Cathy Ann Bencivengo |

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. Proc. 41(a), Plaintiff Jason Frudakis voluntarily dismisses the above-captioned action without prejudice.

Dated: December 7, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:  *s/Norman B. Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiff

NOTICE OF VOLUNTARY DISMISSAL

# EXHIBIT C

12-4 ;Hcx

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERCK SHARP & DOHME CORP.; and Does 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON D. FRUDAKIS, an individual, on behalf of himself and all
persons similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**12/10/2010** at 11:49:57 AM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número)* 30-2010-00431914-CU-OE-CXC |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Complex
751 West Santa Ana Blvd, Santa Ana, CA 92702

Judge Ronald L. Bauer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman B. Blumenthal    (Bar # 68687)                          Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037    Phone No.: (858) 551-1223

DATE:                                          Clerk, by                              , Deputy
*(Fecha)* 12/10/2010 ALAN CARLSON, Clerk of the Court    *(Secretario)*              *(Adjunto)*
Maarit H Nordman

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   MERCK SHARP & DOHME CORP.

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Norman B. Blumenthal    (Bar # 68687)<br>Kyle R. Nordrehaug    (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO: (858) 551-1223    FAX NO: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Jason Frudakis | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**12/10/2010** at 11:49:57 AM<br>Clerk of the Superior Court<br>By Maarit H Nordman, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS: P.O. Box 22028
CITY AND ZIP CODE: Santa Ana 92702
BRANCH NAME: Complex

CASE NAME:
Frudakis v. Merck

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2010-00431914-CU-OE-CXC<br><br>JUDGE: Judge Ronald L. Bauer<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence     f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* FOUR (4)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 10, 2010

Norman B. Blumenthal
_____     _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                     Fax No  (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*.                    Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> JUSTICE CENTER: <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 <br> ☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
   ☐ Under section 1141.11 of the Code of Civil Procedure
   ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date._____     _____     _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____     _____     _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                      California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**12/10/2010** at 11:49:57 AM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

Judge Ronald L. Bauer

JASON D. FRUDAKIS, an individual, on behalf of himself and all persons similarly situated,

Plaintiff,

vs.

MERCK SHARP & DOHME CORP.; and Does 1 through 50,

Defendant.

CASE No. 30-2010-00431914-CU-OE-CXC

<u>CLASS AND COLLECTIVE ACTION COMPLAINT FOR</u>:
1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 et seq.;
2.  FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 515.5, 551, 552, 1194 AND 1198, et seq.;
3.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,
4.  FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201 et seq.

**DEMAND FOR A JURY TRIAL**

1       Plaintiff Jason D. Frudakis ("PLAINTIFF"), on behalf of himself and all other similarly

2 situated current and former employees, allege on information and belief, except for his own acts

3 and knowledge, the following:

4

5                           **THE PARTIES**

6       1.     Merck Sharp & Dohme Corp. is one of the seven largest pharmaceutical

7 companies in the world both by market capitalization and revenue. Merck Sharp & Dohme

8 Corp. hereinafter also referred to as "MERCK" or "DEFENDANT" discovers, manufacturers

9 and markets a broad range of innovative healthcare products including vaccines, prescription

10 products, consumer products, biologic products and animal health products. MERCK operates

11 in more than 140 countries and employs approximately 100,000 individuals worldwide to

12 deliver these innovative health solutions. The corporation was founded in 1941 and is

13 headquartered in Whitehouse Station, New Jersey.

14       2.     MERCK maintains its principal place of business in Whitehouse Station, New

15 Jersey and also serves regional markets throughout the United States promoting its unique blend

16 of product offerings. The Global Human Health division at MERCK, formally called the United

17 States Human Health division is responsible in relevant part, for marketing MERCK's products

18 and ensuring that the products are marketed according to specified MERCK standards.

19       3.     As part of MERCK's business, DEFENDANT employs individuals

20 whose primary job duty is promoting DEFENDANT's pharmaceutical healthcare products.

21 These employees distribute free samples of DEFENDANT's products to physicians and

22 encourage physicians to prescribe DEFENDANT's products to patients in order to stimulate the

23 sales of these products. These employees have the job titles of "Pharmaceutical Sales

24 Representative" and "Customer Representative." Collectively, all employees in these positions,

25 with or without a "I, II or III" descriptor, and who perform this job duty are referred to herein

26 as "Sales Representatives." This Action is brought on behalf of the PLAINTIFF and all those

27 employees of DEFENDANT in California who worked for DEFENDANT as a Sales

28 Representative during the CLASS PERIOD ("CLASS" or "Class Members").

4.     Plaintiff Jason D. Frudakis ("PLAINTIFF") was employed by DEFENDANT in California as a "Pharmaceutical Sales Representative" and "Customer Representative" from June 2006 to September 2010.

5.     The position of "Pharmaceutical Sales Representative" and "Customer Representative" was represented by DEFENDANT to the PLAINTIFF and the other Sales Representatives as an exempt and a salaried position.

6.     For DEFENDANT's business, the Class Members functioned as working members on DEFENDANT's marketing and sales staff.  As defined by DEFENDANT's comprehensive corporate policies and procedures, the primary job duty of the Class Members employed by MERCK was and is to promote DEFENDANT's pharmaceutical healthcare products in accordance with DEFENDANT's established specific procedures and protocols which govern and control every aspect of the work performed by the Sales Representatives.  The primary job duty of these Class Members was not and is not to make sales and/or obtain orders or contracts for products.  MERCK's standardized procedures mirror the realities of the workplace evidencing a uniformity of work among the Sales Representatives and negate any exercise of independent judgment and discretion as to any matter of significance and any customary and regular engagement in sales-related activity.

7.     The work schedule for Sales Representatives was set by DEFENDANT.  Generally, the Class Members work ten (10) to twelve (12) hours each workday and ten (10) to twenty (20) hours of overtime each workweek.

8.     DEFENDANT has not established an alternative workweek election for Sales Representatives for ten (10) to twelve (12) hour workdays.

9.     PLAINTIFF and the other Sales Representatives were not provided with overtime compensation and other benefits required by law as a result of being classified as "exempt" by DEFENDANT.

10.     PLAINTIFF brings this Class Action on behalf of himself and a California Class consisting of all individuals who are or previously were employed by Defendant Merck Sharp & Dohme Corp. promoting pharmaceutical healthcare products in California

1   (the "CALIFORNIA CLASS") during the period beginning on the date four years before the

2   filing of this Action and ending on the date as determined by the Court (the "CALIFORNIA

3   CLASS PERIOD").

4        11.    As a matter of company policy, practice, and procedure, DEFENDANT

5   has unlawfully, unfairly and/or deceptively classified every Sales Representative as exempt

6   based on job title alone, failed to pay the required overtime compensation, and otherwise

7   failed to comply with all applicable labor laws with respect to these Sales Representatives.

8        12.    The true names and capacities, whether individual, corporate, subsidiary,

9   partnership, associate or otherwise of DEFENDANT Does 1 through 50, inclusive, are

10  presently unknown to the PLAINTIFF who therefore sues these defendants by such fictitious

11  names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this

12  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when

13  they are ascertained.  PLAINTIFF is informed and believes, and based upon that information

14  and belief alleges, that the defendants named in this Complaint, including Does 1 through

15  50, inclusive, are responsible in some manner for one or more of the events and happenings

16  that proximately caused the injuries and damages hereinafter alleged.

17       13.    The agents, servants, and/or employees of DEFENDANT and each of them

18  acting on behalf of DEFENDANT acted within the course and scope of his, her or its

19  authority as the agent, servant, and/or employee of DEFENDANT, and personally

20  participated in the conduct alleged herein on behalf of DEFENDANT with respect to the

21  conduct alleged herein.  Consequently, DEFENDANT is jointly and severally liable to the

22  PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as

23  a proximate result of the conduct of DEFENDANT's agents, servants, and/or employees.

24

25                          **THE CONDUCT**

26       14.    The primary job duty required of the Sales Representatives is promoting

27  DEFENDANT's pharmaceutical healthcare products to physicians in order to stimulate the

28  sales of these products in accordance with established protocol and performing tasks as

1    directed or assigned by DEFENDANT.  This primary job duty of the sales representatives is

2    a non-exempt task.

3         15.    PLAINTIFF and the Sales Representatives performed the non-exempt labor

4    described herein above in accordance with DEFENDANT's comprehensive and uniform

5    corporate policies, procedures and protocols.  In accordance with DEFENDANT's

6    comprehensive and uniform corporate policies, procedures and protocols, DEFENDANT

7    instituted a blanket classification policy, practice and procedure by which all of these Sales

8    Representatives were classified as exempt from overtime compensation, rest breaks and

9    meal breaks.  By reason of this uniform exemption practice, policy and procedure applicable

10   to the PLAINTIFF and all other Sales Representatives who performed this non-exempt

11   labor, DEFENDANT committed acts of unfair competition in violation of the California

12   Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a

13   uniform company-wide policy, practice and procedure which failed to properly classify the

14   PLAINTIFF and the other Sales Representatives and thereby failed to pay them overtime

15   wages for documented overtime hours worked and provide them with meal and rest breaks.

16   The proper classification of these employees is DEFENDANT's burden.  As a result of

17   DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

18   failed to pay all required overtime compensation for work performed by the members of the

19   CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated

20   thereunder as herein alleged.  In addition, DEFENDANT failed to provide all of the legally

21   required off-duty meal and rest breaks to the PLAINTIFF and other Sales Representatives as

22   required by the applicable Wage Order and Labor Code.

23        16.    DEFENDANT, as a matter of law, has the burden of proving that (a)

24   employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

25   with applicable laws.  Other than the initial classification of the PLAINTIFF and the other

26   Sales Representatives as exempt from being paid overtime based on job title alone,

27   DEFENDANT had no business policy, practice, or procedure to ensure that the PLAINTIFF

28   and the other Sales Representatives were properly classified as exempt, and in fact, as a

---

CLASS AND COLLECTIVE ACTION COMPLAINT
-4-

1   matter of corporate policy erroneously, unilaterally and uniformly classified all the Class

2   Members as exempt based on job title alone.

3        17.    During their employment with DEFENDANT, the PLAINTIFF and the

4   other Sales Representatives, primarily performed non-exempt job duties, but were

5   nevertheless classified by DEFENDANT as exempt from overtime pay and worked more

6   than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive

7   day of a workweek.

8        18.    PLAINTIFF and the other Sales Representatives employed by DEFENDANT

9   were not primarily engaged in work of a type that was or now is directly related to the

10   making of sales, management or general business operations of the employer's customers,

11   when giving these words a fair but narrow construction. PLAINTIFF and the other Sales

12   Representatives employed by DEFENDANT were also not primarily engaged in work of a

13   type that was or now is performed for the purpose of obtaining orders or contracts for

14   products for DEFENDANT.  PLAINTIFF and the other Sales Representatives employed by

15   DEFENDANT were also not primarily engaged in work of a type that was or now is

16   performed more than half the time actually selling, including sales-related activities.

17   PLAINTIFF and the other Sales Representatives employed by DEFENDANT were also not

18   primarily engaged in work of a type that was or now is performed at the level of the policy

19   or management of DEFENDANT.  PLAINTIFF and the other Sales Representatives

20   employed by DEFENDANT were also not primarily engaged in work requiring knowledge

21   of an advanced type in a field or science or learning customarily acquired by a prolonged

22   course of specialized intellectual instruction and study, but rather their work primarily

23   involves the performance of routine mental, manual, and/or physical processes.  PLAINTIFF

24   and the other Sales Representatives employed by DEFENDANT were also not primarily

25   engaged in work that is predominantly intellectual and varied in character, but rather is

26   routine mental, manual, mechanical, and/or physical work that is of such character that the

27   output produced or the result accomplished can be standardized in relation to a given period

28   of time.  The work of a Sales Representative of DEFENDANT was work wherein the

1   PLAINTIFF and members of the CALIFORNIA CLASS were primarily engaged in the day-
2   to-day operations of promoting DEFENDANT's pharmaceutical healthcare products in strict
3   accordance with the uniform protocols, policies and operations established by
4   DEFENDANT.

5       19.    The primary job duty of the PLAINTIFF and other Sales Representatives
6   employed by DEFENDANT was and is promoting DEFENDANT's pharmaceutical
7   healthcare products for DEFENDANT's benefit.  As a result, the PLAINTIFF and other
8   Sales Representatives employed by DEFENDANT were primarily engaged in work that falls
9   outside the scope of the "outside salesperson" exemption and should have been properly
10  classified as non-exempt employees.

11      20.    PLAINTIFF and all members of the CALIFORNIA CLASS are and were
12  uniformly classified and treated by DEFENDANT as exempt at the time of hire and
13  thereafter, DEFENDANT failed to take the proper steps to determine whether the
14  PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under
15  the applicable Industrial Welfare Commission Wage Order (Wage Order 1-2001 and/or
16  Wage Order 4-2001) and Cal. Lab. Code §§ 510 et seq. as exempt from applicable federal
17  and state labor laws.  Since DEFENDANT affirmatively and wilfully misclassified the
18  PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with California
19  labor laws, DEFENDANT's practices violated and continue to violate the law.  In addition,
20  DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF and
21  each member of the CALIFORNIA CLASS that they were exempt from overtime pay when
22  DEFENDANT knew or should have known that this statement was false and not based on
23  known facts.  DEFENDANT also acted unfairly by violating the labor laws of California,
24  and as a result of this policy and practice, DEFENDANT also violated the UCL.  In doing
25  so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than
26  the amount competitors paid who complied with the law and cheated the CALIFORNIA
27  CLASS by not paying them in accordance with California law.

28      21.    DEFENDANT failed to provide and still fails to provide the PLAINTIFF and

1     the other Sales Representatives with a wage statement in writing that accurately sets forth

2     gross wages earned, all applicable hourly rates in effect during the pay period and the

3     corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

4     Sales Representatives. This conduct violates California Labor Code § 226. The paystub

5     also does not accurately display anywhere PLAINTIFF's and the other Sales

6     Representatives' overtime hours and applicable rates of overtime pay for the pay period.

7         22.     By reason of this uniform conduct applicable to the PLAINTIFF and all

8     CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in

9     violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the

10     "UCL"), by engaging in a company-wide policy and procedure which failed to correctly

11     classify the PLAINTIFF and the CALIFORNIA CLASS of Sales Representatives as non-

12     exempt. The proper classification of these employees is DEFENDANT's burden. As a

13     result of DEFENDANT's intentional disregard of the obligation to meet this burden,

14     DEFENDANT failed to properly calculate and/or pay all required overtime compensation

15     for work performed by the members of the CALIFORNIA CLASS and violated the

16     applicable Wage Order, the California Labor Code and the regulations promulgated

17     thereunder as herein alleged.

18

19                       **THE UCL REMEDIES**

20         23.     As a result of DEFENDANT's UCL violation, PLAINTIFF, on behalf

21     of himself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of

22     DEFENDANT's ill-gotten gains into a fluid fund in order to provide restitution of all the

23     money that DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFF

24     and all the other CALIFORNIA CLASS members. PLAINTIFF also seeks all other relief

25     available to him and the other Sales Representatives located in California under California

26     law. PLAINTIFF also seeks declaratory relief finding that the employment practices and

27     policies of DEFENDANT violate California law.

28

## THE CALIFORNIA CLASS

24.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and
Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq. (the
"UCL") as a Class Action, pursuant to California Code of Civil Procedure, Section 382, on
behalf of a California Class, defined as all individuals who are or previously were employed
by Defendant Merck Sharp & Dohme Corp. as a Sales Representative as hereinabove
defined in California during the period beginning on the date four years before the filing of
this Action and ending on the date as determined by the Court (the "CALIFORNIA
CLASS").

25.    To the extent equitable tolling operates to toll claims by the CALIFORNIA
CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
accordingly.

26.    DEFENDANT, as a matter of corporate policy, practice and procedure,
and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")
Wage Order Requirements, and the applicable provisions of California law, intentionally,
knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully,
and deceptively instituted a practice to ensure that the employees employed in a Sales
Representative position were not properly classified as non-exempt from the requirements of
California Labor Code §§ 510, et seq.

27.    DEFENDANT has the burden of proof that each and every employee is
properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et seq.
DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in
place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice
that misclassifies the CALIFORNIA CLASS members as exempt.  DEFENDANT's uniform
policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and
currently in place is to systematically classify each and every CALIFORNIA CLASS
member as exempt from the requirements of the California Labor Code §§ 510, et seq.  This
common business practice applicable to each and every CALIFORNIA CLASS member can

1    be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

2    Business & Professions Code §17200, *et seq.* (the "UCL") as causation, damages, and

3    reliance are not elements of this claim.

4        28.    At no time before, during or after the PLAINTIFF's employment with

5    DEFENDANT was any Sales Representative reclassified as non-exempt from the applicable

6    requirements of California Labor Code §§ 510, *et seq.* after each CALIFORNIA CLASS

7    member was initially, uniformly, and systematically classified as exempt upon being hired.

8        29.    Any individual declarations of any employees offered at this time purporting

9    to indicate that one or more Sales Representative may have been properly classified is of no

10    force or affect absent contemporaneous evidence that DEFENDANT's uniform system did

11    not misclassify the PLAINTIFF and the other Sales Representatives as exempt pursuant to

12    Cal. Lab. Code §§ 510, et seq. Absent proof of such a contemporaneous system,

13    DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the

14    UCL and may be so adjudicated on a class-wide basis. As a result of the UCL violations,

15    the PLAINTIFF and the CALIFORNIA CLASS members are entitled to compel

16    DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains into a fluid

17    fund in order to restitute these funds to the PLAINTIFF and the members of the

18    CALIFORNIA CLASS according to proof.

19        30.    The CALIFORNIA CLASS is so numerous that joinder of all Sales

20    Representatives, is impracticable.

21            (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof.

22                 Code § 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or

23                 deceptively having in place company policies, practices and procedures

24                 that uniformly misclassified the PLAINTIFF and the members of the

25                 CALIFORNIA CLASS as exempt;

26            (b)    Committing an act of unfair competition in violation of the UCL, by

27                 unlawfully, unfairly, and/or deceptively failing to have in place a

28                 company policy, practice and procedure that accurately determined the

amount of working time spent by the PLAINTIFF and the members of the CALIFORNIA CLASS performing non-exempt labor;

(c)    Committing an act of unfair competition in violation of the UCL, by having in place a company policy, practice and procedure that failed to reclassify as non-exempt those members of the CALIFORNIA CLASS whose actual job duties are primarily comprised of non-exempt job functions;

(d)    Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§510, *et seq.* by failing to pay the correct overtime pay to the PLAINTIFF and members of the CALIFORNIA CLASS who were improperly classified as exempt, and retaining the unpaid overtime to the benefit of DEFENDANT;

(e)    Committing an act of unfair competition in violation of the UCL, by failing to provide mandatory meal and/or rest periods to the PLAINTIFF and the Class Members; and,

(f)    Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

31.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure, Section 382, in that:

(a)    The persons who comprise the CALIFORNIA CLASS exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other members of the CALIFORNIA CLASS, was initially classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANT's systematic procedure that failed to properly classify the PLAINTIFF and the members of the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT by deceptively advising all Sales Representatives that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt.

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

32.     In addition to meeting the statutory prerequisites to a Class Action, this Action

1    is properly maintained as a Class Action pursuant to California Code of Civil Procedure,

2    Section 382, in that:

3           (a)    Without class certification and determination of declaratory, statutory

4                 and other legal questions within the class format, prosecution of

5                 separate actions by individual members of the CALIFORNIA CLASS

6                 will create the risk of:

7                 1)    Inconsistent or varying adjudications with respect to individual

8                      members of the CALIFORNIA CLASS which would establish

9                      incompatible standards of conduct for the parties opposing the

10                     CALIFORNIA CLASS; and/or

11                 2)    Adjudication with respect to individual members of the

12                      CALIFORNIA CLASS which would as a practical matter be

13                      dispositive of interests of the other members not party to the

14                      adjudication or substantially impair or impede their ability to

15                      protect their interests.

16           (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

17                 to act on grounds generally applicable to the CALIFORNIA CLASS,

18                 making appropriate class-wide relief with respect to the CALIFORNIA

19                 CLASS as a whole in that DEFENDANT uniformly classified and

20                 treated the Sales Representatives as exempt and, thereafter, uniformly

21                 failed to take proper steps to determine whether the Sales

22                 Representatives were properly classified as exempt, and thereby denied

23                 these employees overtime wages as required by law;

24                 1)    With respect to the First Cause of Action, the final relief on

25                      behalf of the CALIFORNIA CLASS sought does not relate

26                      exclusively to restitution because through this claim the

27                      PLAINTIFF seeks declaratory relief holding that

28                      DEFENDANT's policy and practices constitute unfair

competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because as a practical matter a

1                  substantial number of individual Class Members will avoid

2                  asserting their legal rights out of fear of retaliation by

3                  DEFENDANT, which may adversely affect an individual's job

4                  with DEFENDANT or with a subsequent employer, the Class

5                  Action is the only means to assert their claims through a

6                  representative; and,

7         4)       A Class Action is superior to other available methods for the fair

8                  and efficient adjudication of this litigation because class

9                  treatment will obviate the need for unduly and unnecessary

10                 duplicative litigation that is likely to result in the absence of

11                 certification of this Action pursuant to California Code of Civil

12                 Procedure, Section 382.

13     33.     This Court should permit this Action to be maintained as a Class Action

14 pursuant to California Code of Civil Procedure, Section 382, because:

15         (a)       The questions of law and fact common to the CALIFORNIA CLASS

16                 predominate over any question affecting only individual members

17                 because DEFENDANT's employment practices were uniform and

18                 systematically applied with respect to the CALIFORNIA CLASS;

19         (b)       A Class Action is superior to any other available method for the fair

20                 and efficient adjudication of the claims of the members of the

21                 CALIFORNIA CLASS because in the context of employment litigation

22                 a substantial number of individual Class Members will avoid asserting

23                 their rights individually out of fear of retaliation or adverse impact on

24                 their employment;

25         (c)       The members of the CALIFORNIA CLASS exceed 100 persons and

26                 are therefore so numerous that it is impractical to bring all members of

27                 the CALIFORNIA CLASS before the Court;

28         (d)       PLAINTIFF, and the other CALIFORNIA CLASS members, will not

1    be able to obtain effective and economic legal redress unless the Action

2    is maintained as a Class Action;

3    (e)    There is a community of interest in obtaining appropriate legal and

4          equitable relief for the acts of unfair competition, statutory violations

5          and other improprieties, and in obtaining adequate compensation for the

6          injuries which DEFENDANT's actions have inflicted upon the

7          CALIFORNIA CLASS;

8    (f)    There is a community of interest in ensuring that the combined assets of

9          DEFENDANT are sufficient to adequately compensate the members of

10         the CALIFORNIA CLASS for the injuries sustained;

11   (g)    DEFENDANT had acted or refused to act on grounds generally

12         applicable to the CALIFORNIA CLASS, thereby making final class-

13         wide relief appropriate with respect to the CALIFORNIA CLASS as a

14         whole;

15   (h)    The members of the CALIFORNIA CLASS are readily ascertainable

16         from the business records of DEFENDANT.  The CALIFORNIA

17         CLASS consists of all DEFENDANT's Sales Representatives

18         employed in California during the CALIFORNIA CLASS PERIOD;

19         and,

20   (i)    Class treatment provides manageable judicial treatment calculated to

21         bring an efficient and rapid conclusion to all litigation of all wage and

22         hour related claims arising out of the conduct of DEFENDANT as to

23         the members of the CALIFORNIA CLASS.

24        34.    DEFENDANT maintains records from which the Court can ascertain and

25   identify by name and job title, each of DEFENDANT's employees who have been

26   systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,

27   practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the

28   Complaint to include any additional job titles of similarly situated employees when they

have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

35.     PLAINTIFF further brings the Second and Third Causes of Action on behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were employed by DEFENDANT during the period beginning on the date three (3) years prior to the filing of this Action and ending on the date as determined by the Court (CALIFORNIA LABOR SUB-CLASS PERIOD), who performed work in excess of eight (8) hours in one day and/or forty (40) hours in one workweek and/or hours on the seventh (7th) consecutive day of a workweek and did not receive overtime compensation (the "CALIFORNIA LABOR SUB-CLASS") pursuant to California Code of Civil Procedure, Section 382.

36.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and other labor laws based on DEFENDANT's comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

37.     DEFENDANT has intentionally and deliberately created a number of job job titles such as "Pharmaceutical Sales Representative" and "Customer Representative" which were distributed in order to create the superficial appearance of a number of unique jobs, when in fact, these jobs are substantially similar and can be easily grouped together for the purpose of determining whether they were all misclassified.  One of DEFENDANT's purposes in creating and maintaining this multi-title and multi-level job classification scheme is to create an artificial barrier to discovery and class certification for all employees similarly misclassified as exempt.  DEFENDANT has uniformly misclassified these

1  CALIFORNIA LABOR SUB-CLASS members as exempt and denied them overtime wages

2  and other benefits to which non-exempt employees are entitled in order to unfairly cheat the

3  competition and unlawfully profit.

4       38.  DEFENDANT maintains records from which the Court can ascertain and

5  identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

6  SUB-CLASS members have been systematically, intentionally and uniformly misclassified

7  as exempt as a matter of DEFENDANT's corporate policy, practices and procedures.

8  PLAINTIFF will seek leave to amend the Complaint to include these additional job titles

9  when they have been identified.

10       39.  The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

11  members, which number over 100 Sales Representatives, is impracticable.

12       40.  Common questions of law and fact exist as to members of the CALIFORNIA

13  LABOR SUB-CLASS, including, but not limited, to the following:

14          (a)  Whether DEFENDANT unlawfully failed to pay overtime

15               compensation to members of the CALIFORNIA LABOR SUB-CLASS

16               in violation of the California Labor Code and California regulations and

17               the applicable California Wage Order;

18          (b)  Whether the members of the CALIFORNIA LABOR SUB-CLASS are

19               non-exempt employees entitled to overtime compensation for overtime

20               hours worked under the overtime pay requirements of California Law;

21          (c)  Whether DEFENDANT's policy and practice of classifying the

22               CALIFORNIA LABOR SUB-CLASS members as exempt from

23               overtime compensation and failing to pay the CALIFORNIA LABOR

24               SUB-CLASS members overtime violate applicable provisions of

25               California law;

26          (d)  Whether DEFENDANT unlawfully failed to keep and furnish

27               CALIFORNIA LABOR SUB-CLASS members with accurate records

28               of overtime hours worked;

(e)     Whether DEFENDANT's policy and practice of failing to pay members of the CALIFORNIA LABOR SUB-CLASS all wages when due within the time required by law after their employment ended violates California law; and,

(f)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS.

41.     DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Sales Representatives as exempt from overtime wages and other labor laws.  All Sales Representatives, including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

42.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, et seq., by misclassifying and thereby failing to pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours, a workweek longer than forty (40) hours, and/or all hours worked on the seventh (7th) consecutive day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their

1    employment;

2    (c)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF

3    and the members of the CALIFORNIA LABOR SUB-CLASS who

4    were improperly classified as exempt with an accurate itemized

5    statement in writing showing the gross wages earned, the net wages

6    earned, all applicable hourly rates in effect during the pay period and

7    the corresponding number of hours worked at each hourly rate by the

8    employee.

9    43.    This Class Action meets the statutory prerequisites for the maintenance of a

10   Class Action as set forth in California Code of Civil Procedure, Section 382, in that:

11   (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

12   exceed 100 persons and are therefore so numerous that the joinder of all

13   such persons is impracticable and the disposition of their claims as a

14   class will benefit the parties and the Court;

15   (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

16   raised in this Complaint are common to the CALIFORNIA LABOR

17   SUB-CLASS and will apply uniformly to every member of the

18   CALIFORNIA LABOR SUB-CLASS;

19   (c)    The claims of the representative PLAINTIFF are typical of the claims

20   of each member of the CALIFORNIA LABOR SUB-CLASS.

21   PLAINTIFF, like all other members of the CALIFORNIA LABOR

22   SUB-CLASS, was improperly classified as exempt and denied overtime

23   pay as a result of DEFENDANT's systematic classification practices.

24   PLAINTIFF and all other members of the CALIFORNIA LABOR

25   SUB-CLASS sustained economic injuries arising from DEFENDANT's

26   violations of California law; and,

27   (d)    The representative PLAINTIFF will fairly and adequately represent and

28   protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

1    has retained counsel who are competent and experienced in Class

2    Action litigation.  There are no material conflicts between the claims of

3    the representative PLAINTIFF and the members of the CALIFORNIA

4    LABOR SUB-CLASS that would make class certification

5    inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

6    will vigorously assert the claims of all Class Members.

7    44.    In addition to meeting the statutory prerequisites to a Class Action, this Action

8    is properly maintained as a Class Action pursuant to California Code of Civil Procedure,

9    Section 382, in that:

10    (a)    Without class certification and determination of declaratory, statutory

11    and other legal questions within the class format, prosecution of

12    separate actions by individual members of the CALIFORNIA LABOR

13    SUB-CLASS will create the risk of:

14    1)    Inconsistent or varying adjudications with respect to individual

15    members of the CALIFORNIA LABOR SUB-CLASS which

16    would establish incompatible standards of conduct for the parties

17    opposing the CALIFORNIA LABOR SUB-CLASS; or,

18    2)    Adjudication with respect to individual members of the

19    CALIFORNIA LABOR SUB-CLASS which would as a

20    practical matter be dispositive of interests of the other members

21    not party to the adjudication or substantially impair or impede

22    their ability to protect their interests.

23    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have

24    acted or refused to act on grounds generally applicable to the

25    CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

26    relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

27    whole in that DEFENDANT uniformly classified and treated the Sales

28    Representatives as exempt and, thereafter, uniformly failed to take

1    proper steps to determine whether the Sales Representatives were

2    properly classified as exempt, and thereby denied these employees

3    overtime wages as required by law;

4  (c)  Common questions of law and fact predominate as to the members of

5    the CALIFORNIA LABOR SUB-CLASS, with respect to the practices

6    and violations of California Law as listed above, and predominate over

7    any question affecting only individual members, and a Class Action is

8    superior to other available methods for the fair and efficient

9    adjudication of the controversy, including consideration of:

10   1)  The interests of the members of the CALIFORNIA LABOR

11     SUB-CLASS in individually controlling the prosecution or

12     defense of separate actions in that the substantial expense of

13     individual actions will be avoided to recover the relatively small

14     amount of economic losses sustained by the individual

15     CALIFORNIA LABOR SUB-CLASS members when compared

16     to the substantial expense and burden of individual prosecution

17     of this litigation;

18   2)  Class certification will obviate the need for unduly duplicative

19     litigation that would create the risk of:

20     A.  Inconsistent or varying adjudications with respect to

21      individual members of the CALIFORNIA LABOR SUB-

22      CLASS, which would establish incompatible standards of

23      conduct for DEFENDANT; and/or,

24     B.  Adjudications with respect to individual members of the

25      CALIFORNIA LABOR SUB-CLASS would as a

26      practical matter be dispositive of the interests of the other

27      members not parties to the adjudication or substantially

28      impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to California Code of Civil Procedure, Section 382.

45.    This Court should permit this Action to be maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual Class Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS exceed 100 persons and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS members, will not be able to obtain effective and economic legal

1        redress unless the Action is maintained as a Class Action;

2     (e)    There is a community of interest in obtaining appropriate legal and

3        equitable relief for the acts of unfair competition, statutory violations

4        and other improprieties, and in obtaining adequate compensation for the

5        damages and injuries which DEFENDANT's actions have inflicted

6        upon the CALIFORNIA LABOR SUB-CLASS;

7     (f)    There is a community of interest in ensuring that the combined assets of

8        DEFENDANT are sufficient to adequately compensate the members of

9        the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

10    (g)    DEFENDANT has acted or refused to act on grounds generally

11        applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

12        making final class-wide relief appropriate with respect to the

13        CALIFORNIA LABOR SUB-CLASS as a whole;

14    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

15        ascertainable from the business records of DEFENDANT.  The

16        CALIFORNIA LABOR SUB-CLASS consists of those Sales

17        Representatives who worked overtime hours and who were not paid

18        overtime; and,

19     (i)    Class treatment provides manageable judicial treatment calculated to

20        bring a efficient and rapid conclusion to all litigation of all wage and

21        hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

23    46.    This Court has jurisdiction over this Action pursuant to California Code of

24 Civil Procedure, Section 410.10.  This Action is brought as a Class Action on behalf of

25 similarly situated employees of Merck Sharp & Dohme Corp. pursuant to California Code of

26 Civil Procedure, Section 382.  At all relevant times mentioned herein, Merck Sharp &

27 Dohme Corp. conducted and continues to conduct substantial and regular business in this

28 County.

47.     Venue is proper in this Court pursuant to California Code of Civil Procedure Sections 395 and 395.5 because, during the CLASS PERIOD, DEFENDANT has maintained and currently does maintain offices and facilities in this County, and DEFENDANT committed the wrongful conduct alleged herein in this County against the members of the CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices
### [Cal. Bus. And Prof. Code §§ 17200 et seq.]
### (By PLAINTIFF and the CALIFORNIA CLASS and against ALL DEFENDANTS)

48.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

49.     DEFENDANT is a "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

50.     California Business & Professions Code § 17200 et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

51.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to provisions of the Wage Orders, the California Labor Code, the regulations of the Department of Labor, and the opinions of the Department of Labor Standards Enforcement,

1   for which this Court should issue declaratory, and other equitable relief, pursuant to Cal.

2   Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to

3   constitute unfair competition.

4        52.     Throughout the CLASS PERIOD, it was also DEFENDANT's uniform policy

5   and practice to make unavailable mandatory meal and rest breaks to the PLAINTIFF and the

6   Class Members.  DEFENDANT's uniform practice requires PLAINTIFF and the Class

7   Members to work continuously throughout the workday without being supplied meal and/or

8   rest periods in accordance with the number of hours they worked.  At all relevant times

9   during the CLASS PERIOD, DEFENDANT failed to provide any compensated work time

10   for interrupting and/or failing to provide such breaks to the PLAINTIFF and the Class

11   Members.   DEFENDANT's conduct therefore violates Labor Code §§ 226.7 and 512.

12        53.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

13   member of the CLASS, one (1) hour of pay for each workday in which an off-duty meal

14   period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

15   for each workday in which a second off-duty meal period was not timely provided for each

16   ten (10) hours of work.

17        54.     PLAINTIFF further demands on behalf of himself and on behalf of each

18   member of the CLASS, one (1) hour of pay for each workday in which a rest period was not

19   timely provided as required by law.

20        55.     By and through the unfair and unlawful business practices described herein

21   above, DEFENDANT has obtained valuable property, money, and services from the

22   PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them

23   of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

24   DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory and equitable

25   relief is necessary to prevent and remedy this unfair competition.

26        56.     All the acts described herein as violations of, among other things, the

27   California Labor Code, California Code of Regulations, and the Industrial Welfare

28   Commission Wage Orders, are unlawful, are in violation of public policy, are immoral,

1  unethical, oppressive, and unscrupulous, and are likely to deceive employees, as herein

2  alleged, and thereby constitute deceptive, unfair and unlawful business practices in violation

3  of Cal. Bus. and Prof. Code § 17200 et seq.

4      57.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further

5  entitled to, and do, seek a declaration that the above described business practices are

6  deceptive unfair and/or unlawful.

7      58.    The practices herein alleged presently continue to occur unabated.  As a result

8  of the unfair and unlawful business practices described above, PLAINTIFF, and the other

9  members of the CALIFORNIA CLASS, have suffered legal and economic harm.

10

11  **SECOND CAUSE OF ACTION**

12  **For Failure To Pay Overtime Compensation**

13  **[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

14  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

15      59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

16  SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

17  paragraphs 1 through 58 of this Complaint.

18      60.    Cal. Lab. Code § 510 states in relevant part:

19      Eight hours of labor constitutes a day's work. Any work in excess of eight

20  hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-

21  half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the

22  regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of

23  no less than twice the regular rate of pay of an employee.

24      61.    Cal. Lab. Code § 551 states that,"Every person employed in any occupation of

25  labor is entitled to one day's rest therefrom in seven."

26      62.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

27  employees to work more than six days in seven."

28      63.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the

overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

64.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

65.     Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

66.     In addition, Labor Code Section 558 provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.
> (b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
> (c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

67.     DEFENDANT has intentionally and uniformly designated certain employees as " exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the

1  other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production

2  side of DEFENDANT's business.  This was done in an illegal attempt to avoid payment of

3  overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare

4  Commission requirements.

5        68.  For an employee to be exempt as an "outside salesperson," all the following

6  criteria must be met and DEFENDANT has the burden of proving that:

7       (a)  The employee's primary duty must be making sales as defined to include any

8            sale, exchange, contract to sell, consignment sale, shipment for sale, or other

9            disposition; or

10       (b)  The employee must obtain orders or contracts for services or for the use of

11            facilities for which a consideration will be paid by the client or customer; and,

12       (c)  The employee must customarily and regularly spend more than half the work

13            time away from the employer's place of business engaged in sales-related

14            activity; and,

15       (d)  The employee must be primarily engaged in duties which meet the test of

16            exemption.

17  No member of the CALIFORNIA LABOR SUB-CLASS was or is an outside salesperson

18  because they all fail to meet the requirements of being an "outside salesperson" within the

19  meaning of the applicable Wage Order.

20        69.  For an employee to be exempt as a bona fide "executive," all the following

21  criteria must be met and DEFENDANT has the burden of proving that:

22       (a)  The employee's primary duty must be management of the enterprise, or of a

23            customarily recognized department or subdivision; and,

24       (b)  The employee must customarily and regularly direct the work of at least two

25            (2) or more other employees; and,

26       (c)  The employee must have the authority to hire and fire, or to command

27            particularly serious attention to his or his recommendations on such actions

28            affecting other employees; and,

1      (d)    The employee must customarily and regularly exercise discretion and
2                 independent judgment; and,

3      (e)    The employee must be primarily engaged in duties which meet the test of
4                 exemption.

5  No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because

6  they all fail to meet the requirements of being an "executive" within the meaning of the

7  applicable Wage Order.

8      70.    For an employee to be exempt as a bona fide "administrator," all of the

9  following criteria must be met and DEFENDANT has the burden of proving that:

10     (a)    The employee must perform office or non-manual work directly related to
11                management policies or general business operation of the employer; and,

12     (b)    The employee must customarily and regularly exercise discretion and
13                independent judgment; and,

14     (c)    The employee must regularly and directly assist a proprietor or an exempt
15                administrator; or,

16     (d)    The employee must perform, under only general supervision, work requiring
17                special training, experience, or knowledge, or,

18     (e)    The employee must execute special assignments and tasks under only general
19                supervision; and,

20     (f)    The employee must be primarily engaged in duties which meet the test of
21                exemption.

22 No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because

23 they all fail to meet the requirements for being an "administrator" under the applicable

24 Wage Order.

25     71.    The Industrial Welfare Commission, in Wage Order 1-2001 and 4-2001, at

26 section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be

27 complied with to place an employee in the "professional" exempt category.  For an

28 employee to be exempt as a bona fide "professional," all the following criteria must be met

and DEFENDANT has the burden of proving that:

    (a)    The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

        1)    Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

        2)    Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

        3)    Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

    (b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

    (c)    The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

    72.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

1  SUB-CLASS, do not fit the definition of an exempt outside salesperson, executive,

2  administrative, or professional employee because:

(a)   They did not work as outside salespeople, executives or administrators; and,

(b)   The professional exemption does not apply to the PLAINTIFF, nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

73.   During the class period, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

74.   At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were regularly required to work, and did in fact work, overtime hours.

75.   By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

76.   DEFENDANT knew or should have known that the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

**103**

77.     Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, request recovery of overtime compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment, these employees would also be entitled to waiting time penalties under Labor Code § 203, which penalties are sought herein, because DEFENDANT's failure to pay such overtime wages was willful.  Further, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, are entitled to seek and recover statutory costs, and therefore request statutory costs as well.

78.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, DEFENDANT acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of the PLAINTIFF and the members of the CALIFORNIA CLASS.

### THIRD CAUSE OF ACTION

#### For Failure to Provide Accurate Itemized Statements

#### [Cal. Lab. Code § 226]

#### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)

79.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 78 of this Complaint.

80.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing" showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.     At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective overtime rates of pay.

82.     DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

**FOURTH CAUSE OF ACTION**

**Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")**

**(By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)**

83.    PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 82 of this Complaint.

84.    DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

85.    The PLAINTIFF further brings the Fourth Cause of Action on behalf of a COLLECTIVE CLASS in accordance with 29 U.S.C. §216 which consists of all Sales Representatives employed in the United States by DEFENDANT during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court, and who performed work in excess of forty (40) hours in one week (the "COLLECTIVE CLASS").

86.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

87.    29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

88.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

89.    DEFENDANT has willfully engaged in a widespread pattern and practice of

1   violating the provisions of the FLSA, as detailed above, by uniformly designating certain

2   employees as "exempt " employees, by their job title and without regard to DEFENDANT's

3   realistic expectations and actual overall requirements of the job, including the PLAINTIFF and

4   the other members of the COLLECTIVE CLASS who worked on the production side of

5   DEFENDANT's business enterprise.  This was done in an illegal attempt to avoid payment of

6   overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations

7   requirements.

8       90.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the

9   PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime

10  compensation for all overtime hours actually worked, at a rate not less than one and one-half

11  times their regular rate of pay for all hours worked in excess of forty (40) hours in any

12  workweek.  DEFENDANT's failure to pay overtime wages as required by federal law was

13  willful and not in good faith.

14      91.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

15  exempt status of an employee.  The exempt or nonexempt status of any particular employee

16  must be determined on the basis of whether the employee's salary and duties meet the

17  requirements of the regulations in this part.

18      92.     The exemptions of the FLSA as listed in section 13(a), and as explained by 29

19  C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE

20  CLASS, because their work consists of non-management, production line labor performed with

21  skills and knowledge acquired from on-the-job training, rather than from the prolonged course

22  of specialized intellectual instruction required for exempt learned professional employees such

23  as medical doctors, architects and archeologists.  Sales Representatives either do not hold an

24  advanced degree, have not taken any prolonged course of specialization, and/or have attained

25  the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

26      93.     For an employee to be exempt as a bona fide "executive," all the following

27  criteria must be met and DEFENDANT has the burden of proving that:

28      (a)     The employee's primary duty must be management of the enterprise, or of a

CLASS AND COLLECTIVE ACTION COMPLAINT
-35-

1    customarily recognized department or subdivision;

2    (b)    The employee must customarily and regularly direct the work of at least two (2)

3    or more other employees;

4    (c)    The employee must have the authority to hire and fire, or to command

5    particularly serious attention to his or his recommendations on such actions

6    affecting other employees; and,

7    (d)    The employee must be primarily engaged in duties which meet the test of

8    exemption.

9    No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet

10   the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

11   Moreover, none of the members of the COLLECTIVE CLASS managed the work of two or

12   more other employees in a customarily recognized department or subdivision of the employer,

13   and whose recommendations as to the hiring, firing, advancement, promotion or other change

14   of status of the other employees were given particular weight and therefore, they do not qualify

15   for the executive exemption.

16   94.    For an employee to be exempt as a bona fide "administrator," all of the following

17   criteria must be met and DEFENDANT has the burden of proving that:

18   (a)    The employee must perform office or non-manual work directly related to

19   management or general business operation of the employer or the employer's

20   customers;

21   (b)    The employee must customarily and regularly exercise discretion and

22   independent

23   judgment with respect to matters of significance; and,

24   (c)    The employee must regularly and directly assist a proprietor or an exempt

25   administrator; or,

26   (d)    The employee must perform under only general supervision, work requiring

27   special training, experience, or knowledge; and,

28   (e)    The employee must be primarily engaged in duties which meet the test of

1    exemption.

2    No member of the COLLECTIVE CLASS was or is an administrator because they all fail to

3    meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29

4    C.F.R. 541.300.  Moreover, their primary duty does not include work such as planning,

5    scheduling, and coordinating activities required to develop systems to solve complex business

6    or scientific problems of the employer or the employer's customers and therefore, they are not

7    qualified for the administrative exemption.

8         95.    For an employee to be exempt as a bona fide "professional", the

9    DEFENDANT has the burden of proving that the primary duty of the employee is the

10   performance of work that:

11        (a)    Requires knowledge of an advanced type in a field of science or learning

12               customarily acquired by a prolonged course of specialized intellectual instruction;

13               or

14        (b)    Requires invention, imagination, originality or talent in a recognized field of

15               artistic or creative endeavor.

16   No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet

17   the requirements of being an "professional" within the meaning of 29 CFR 541.300.

18   Further, the PLAINTIFF and the other Sales Representatives operated under intense scrutiny

19   from management and are strictly dictated by written guidelines and standardized procedures.

20        96.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

21   members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

22        97.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and other

23   members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked

24   in excess of the maximum hours permissible by law as required by section 207 of the FLSA,

25   even though the PLAINTIFF, and the other members of the COLLECTIVE CLASS, were

26   regularly required to work, and did in fact work, overtime hours.

27        98.    For purposes of the Fair Labor Standards Act, the employment practices of

28   DEFENDANT were and are uniform throughout the United States in all respects material to the

1    claims asserted in this Complaint.

2        99.    There are no other exemptions applicable to the PLAINTIFF and/or to members

3    of the COLLECTIVE CLASS.

4        100.    As a result of DEFENDANT's failure to pay overtime compensation for

5    overtime hours worked, as required by the FLSA, the PLAINTIFF and the members of the

6    COLLECTIVE CLASS were damaged in an amount to be proved at trial.

7        101.    Therefore, the PLAINTIFF demands that he and the members of the

8    COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour

9    of overtime worked in any workweek for which they were not compensated, plus interest and

10   statutory costs as provided by law.

11

12                              **PRAYER**

13       WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly

14   and severally, as follows:

15   1.    On behalf of the CALIFORNIA CLASS:

16       A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

17             CLASS as a Class Action pursuant to California Code of Civil Procedure,

18             Section 382;

19       B)    An order requiring DEFENDANT to correctly calculate and pay all wages and

20             all sums unlawfuly withheld from compensation due to the PLAINTIFF and

21             the other members of the CALIFORNIA CLASS; and,

22       C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

23             fund for restitution of the sums incidental to DEFENDANT's violations due to

24             the PLAINTIFF and to the other members of the CALIFORNIA CLASS

25             according to proof.

26       D)    An order temporarily, preliminarily, and permanently enjoining and restraining

27             DEFENDANT from engaging in similar unlawful conduct as set forth herein.

28   2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)   That the Court certify the Second and Third Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to California Code of Civil Procedure, Section 382;

B)   Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

C)   The wages of all terminated employee from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

3.   On behalf of the COLLECTIVE CLASS:

A)   That the Court certify the Fourth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

B)   Issue a declaratory finding that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

C)   That the PLAINTIFF and the other members of the COLLECTIVE CLASS recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

4.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   An award of penalties and cost of suit, as allowable under the law. Neither

1  this prayer nor any other allegation or prayer in this Complaint is to be

2  construed as a request, under any circumstance, that would result in a request

3  for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

4  C)  Such other and further relief as the Court deems just and equitable.

5

6  Dated:   December 10, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK

7

8                                              By:_____
                                                    Norman B. Blumenthal
9                                                   Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated:   December 10, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                        By: _____
                                              Norman B. Blumenthal
7                                             Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

FACSIMILE
(858) 551-1232

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
piya@bamlawlj.com

WRITERS EXT:
1011

January 5, 2011
CA486

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Merck Sharp & Dohme Corp.
c/o C T Corporation System
818 W 7TH ST
Los Angeles, CA 90017

Re:    Notice Of Violations Of California Labor Code Sections §§ 201,
202, 203, 204, 226(a), 226.7, 510, 512, 551, 552, 1174, 1194, 1197, 1198,
Applicable Industrial Welfare Commission Wage Orders, And Pursuant
To California Labor Code Section 2699.5.,

Dear Sir/Madam:

Our offices represent Plaintiff Jason D. Frudakis, (the "Plaintiff"), and other aggrieved employees in a class action against Merck Sharp & Dohme Corp. ("Defendant"). Plaintiff was employed as both a "Pharmaceutical Sales Representative" and "Customer Representative" was classified as exempt from receiving overtime, however the job duties performed by Plaintiff and other aggrieved employees do not entitle Defendant to claim any exemption from overtime for him or any of these other employees employed as either Pharmaceutical Sales Representatives and/or Sales Representatives. As a result, Plaintiff and these employees worked substantial amounts of overtime for which they were unlawfully not properly compensated. Further, Plaintiff and other aggrieved employees were not provided with all meal and rest periods due to them. As a consequence of the aforementioned violations, the Plaintiff further contends that Defendant failed to provide accurate wage statements to him, and other aggrieved employees, in violation of California Labor Code section 226(a) and 1174. Said conduct, in addition to the forgoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 551, 552, 1174, 1194, 1197, 1198 and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiff, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) the illegal practices used by Defendant. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiff to proceed with the complaint filed in the Orange County Superior Court, case number 30-2010-00431914-CU-OE-CXC against Defendant as authorized by California Labor Code section 2695, et seq. The pending class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class wide claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees and class members.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

/s/ Piya Mukherjee

Piya Mukherjee, Esq.

\\SERVER3\data\D\NBB\MERCK - Frudakis\Correspondence\I-paga-01.wpd

# EXHIBIT E

1   SEYFARTH SHAW LLP
    Lorraine H. O'Hara (SBN 170153)
2   E-mail: lohara@seyfarth.com
     2029 Century Park East, Suite 3500
3   Los Angeles, California  90067-3021
    Telephone:  (310) 277-7200
4   Facsimile:  (310) 201-5219

5   SEYFARTH SHAW LLP
    Jill Porcaro (SBN 190412)
6   E-mail: jporcaro@seyfarth.com
    333 South Hope Street, Suite 3900
7   Los Angeles, California 90071-1406
    Telephone: (213) 270-9600
8   Facsimile:  (213) 270-9601

9   Attorneys for Defendant
    MERCK SHARP & DOHME CORP.

10

|   | **ELECTRONICALLY FILED** |
|---|---|
|   | **SUPERIOR COURT OF CALIFORNIA** |
|   | **COUNTY OF ORANGE** |
|   | **CIVIL COMPLEX CENTER** |
|   | **Jan 21 2011** |
|   | **ALAN CARLSON, Clerk of the Court** |
|   | **by E. Veloz** |

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  IN AND FOR THE COUNTY OF ORANGE

13   JASON D. FRUDAKIS, an individual, on          )   Case No. 30-2010-00431914-CU-OE-CXC
     behalf of himself and all persons similarly   )
14   situated,                                      )   **ANSWER TO CLASS AND**
                                                    )   **COLLECTIVE ACTION COMPLAINT**
15              Plaintiff,                          )
                                                    )
16        v.                                        )
                                                    )
17   MERCK SHARP & DOHME CORP., and Does )
     1 through 50,                                  )
18                                                  )
                Defendants.                         )
19                                                  )

20        Defendant Merck Sharp & Dohme Corp. submits the following Answer to Plaintiff Jason

21   D. Frudakis' unverified Class and Collective Action Complaint ("Complaint").

22        Pursuant to California Code of Civil Procedure §431.30(d), Defendant generally denies

23   each and every allegation and cause of action included in Plaintiff's Complaint and, without

24   limiting the generality of the foregoing, denies that Plaintiff or the putative class members have

25   been damaged in any amount, or at all, by reason of any act or omission of Defendant.

26

27

28

                                           ANSWER

13044616v.1

1    **SEPARATE ADDITIONAL DEFENSES**

2      In further answer to Plaintiff's Complaint, Defendant alleges the following additional

3 defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to

4 matters that, pursuant to law, are Plaintiff's burden to prove.

5    **FIRST AFFIRMATIVE DEFENSE**

6      1.    Plaintiff's Complaint is barred because the alleged failure to pay overtime, or to

7 give meal and rest breaks, was not unlawful, unfair or fraudulent.  At all times relevant and

8 material herein, Plaintiff and the putative class members were exempt from the overtime

9 compensation requirements and the meal and rest period requirements of the California Labor

10 Code and the Industrial Welfare Commission Wage Orders, because Plaintiff and the putative

11 class members are/were employed in an exempt capacity within the meaning of the applicable

12 wage orders, California law and the Fair Labor Standards Act ("FLSA"), either under the

13 administrative, executive, and/or outside sales exemption or a combination of such exemptions.

14    **SECOND AFFIRMATIVE DEFENSE**

15      3.    Plaintiff's claims for liquidated damages, penalties and an extended statute of

16 limitations period are foreclosed by virtue of Defendant's good faith and reasonable belief that it

17 was acting in accordance with the FLSA and California law and was not in violation of any

18 California or federal law.

19    **THIRD AFFIRMATIVE DEFENSE**

20      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations,

21 including but not limited to, California Code of Civil Procedure §§338(a), 339, and 340,

22 California Business & Professions Code §17208, 29 U.S.C. § 255(a), and 29 C.F.R. § 790.21.

23    **FOURTH AFFIRMATIVE DEFENSE**

24      Plaintiff has delayed inexcusably and unreasonably in the filing of this action, causing

25 substantial prejudice to Defendant and thus, Plaintiff's claims are barred by the equitable

26 doctrine of laches.

27

28

13044616v.1

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred as against Defendant by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred as against Defendant by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are not entitled to any penalty award under Section 203 of the California Labor Code because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, including but not limited to, California Labor Code §200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek injunctive and declaratory relief and civil penalties or damages under relevant portions of the California Labor Code, including but not limited to Section 226.7, and California Business and Professions Code §§17200 *et seq.* because, inter alia, Plaintiff has not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes Plaintiff sues upon.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive and equitable relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code §§1138.1, *et seq.*

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies, or did not exhaust those remedies in a timely manner as required by law, and therefore, his legal causes of action are barred.

13044616v.1

1

### ELEVENTH AFFIRMATIVE DEFENSE

2   Plaintiff's claims are barred in whole or in part because a good faith dispute exists

3   regarding whether wages and/or overtime are due.  8 Cal. Code Reg. §13520.

4

### TWELFTH AFFIRMATIVE DEFENSE

5   Plaintiff's claims for unpaid wages are barred because Plaintiff failed to meet the

6   conditions precedent for the payment of such wages.

7

### THIRTEENTH AFFIRMATIVE DEFENSE

8   Plaintiff's claims for unpaid wages are barred because Plaintiff failed to perform all

9   duties and obligations necessary to earn the subject wages, or otherwise failed to provide the

10   consideration required for the payment of wages.

11

### FOURTEENTH AFFIRMATIVE DEFENSE

12   Plaintiff's Complaint and each and every claim for relief alleged therein is barred by the

13   doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiff, any putative class

14   member or other putative beneficiary of this action, has asserted in any prior legal or

15   administrative proceeding that he or she was denied meal periods, denied rest periods, entitled to

16   payment for wages, overtime, damages, penalties under California Labor Code §§203, 226,

17   226.7, 510, 515.5, 551, 552, 1194, 1198, or wages, damages and/or liquidated damages under the

18   FLSA, and did not prevail on such claim.

19

### FIFTEENTH AFFIRMATIVE DEFENSE

20   To the extent that Plaintiff and/or members of the putative classes are entitled to

21   restitution, damages or penalties, Defendant is entitled to an offset for any overpayments of

22   wages or other consideration previously provided to those parties.

23

### SIXTEENTH AFFIRMATIVE DEFENSE

24   Plaintiff's claims are barred, in whole or in part, pursuant to an accord and satisfaction

25   and/or are barred to the extent that Plaintiff or any putative class member has entered into or is

26   otherwise bound by compromise, settlement or release agreements regarding those claims.

27

28

13044616v.1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff or any putative class member is not entitled to any penalty award under the California Labor Code or the FLSA to the extent that the penalty provisions of the applicable Labor Code and FLSA sections establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Defendant's conduct, and are unconstitutional under the U.S. Constitution and Article I, Section VII, of the California Constitution.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

Wherefore, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing for the Complaint;

2.   That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.   That Defendant be awarded reasonable attorneys' fees according to proof;

4.   That Defendant be awarded its costs of suit incurred herein; and

5.   That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: January 21, 2011                    SEYFARTH SHAW LLP


                                           By _____
                                              Jill A. Porcaro
                                              Attorneys for Defendant
                                              MERCK SHARP & DOHME CORP.

13044616v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On January 21, 2011, I served the within documents:

ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

Kyle R. Nordrehaug
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 21, 2011, at Los Angeles, California.

_____
Lee Drozd

13069822v.1

**123**

# EXHIBIT F

1   SEYFARTH SHAW LLP
    Lorraine H. O'Hara (SBN 170153)
2   E-mail: lohara@seyfarth.com
     2029 Century Park East, Suite 3500
3   Los Angeles, California  90067-3021
    Telephone:  (310) 277-7200
4   Facsimile:  (310) 201-5219

5   SEYFARTH SHAW LLP
    Jill Porcaro (SBN 190412)
6   E-mail: jporcaro@seyfarth.com
    333 South Hope Street, Suite 3900
7   Los Angeles, California 90071-1406
    Telephone: (213) 270-9600
8   Facsimile: (213) 270-9601

9   Attorneys for Defendant
    MERCK SHARP & DOHME CORP.

10

                                    **ELECTRONICALLY**
                                         **FILED**
                                **SUPERIOR COURT OF CALIFORNIA**
                                      **COUNTY OF ORANGE**
                                    **CIVIL COMPLEX CENTER**

                                        **Jan 21 2011**

                                **ALAN CARLSON, Clerk of the Court**
                                          **by E. Veloz**

11            SUPERIOR COURT FO THE STATE OF CALIFORNIA

12              IN AND FOR THE COUNTY OF ORANGE

13  JASON D. FRUDAKIS, an individual, on      )  Case No. 30-2010-00431914-CU-OE-CXC
    behalf of himself and all persons similarly )
14  situated,                                  )  **PEREMPTORY CHALLENGE**
                                               )  **PURSUANT TO CAL. CODE OF CIV.**
15            Plaintiff,                        )  **PROC. § 170.6**
                                               )
16       v.                                    )
                                               )
17  MERCK SHARP & DOHME CORP., and Does )
    1 through 50,                              )
18                                             )
             Defendants.                        )
19                                             )

20       I, Jill A. Porcaro, declare and state as follows:

21       1.    I am an attorney admitted to practice in the State of California and I am an

22  Associate in the Los Angeles office of Seyfarth Shaw LLP.  I am one of the attorneys with

23  primary responsibility for representing Defendant Merck Sharp & Dohme Corp. ("Defendant")

24  in the above-captioned case.  If called as a witness herein, I could and would testify to the

25  following facts, which are within my personal, firsthand knowledge.

26       2.    I am informed and believe that the Ronald L. Bauer, the judge to whom the trial

27  of the instant action is pending, is prejudiced against the interests of Defendant and/or its

28  attorneys, so that I believe that Defendant cannot have a fair and impartial trial before said judge.

                          PREEMPTORY CHALLENGE

13056431v.1

**125**

3. This peremptory challenge was filed within the time limits set forth in Code of Civil Procedure § 170.6 and Government Code § 68616 because it was filed within ten (10) days after Defendant's first appearance in the action.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of January, 2011, at Los Angeles, California.

_Jil Porcaro_
Jil A. Porcaro

-2-
PREEMPTORY CHALLENGE

13056431v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA             )

                                         )    ss

COUNTY OF LOS ANGELES     )

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On January 21, 2011, I served the within documents:

       PEREMPTORY CHALLENGE

  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

     Kyle R. Nordrehaug
     Blumenthal, Nordrehaug & Bhowmik
     2255 Calle Clara
     La Jolla, CA 92037

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on January 21, 2011, at Los Angeles, California.

                                 _____
                                        Lee Drozd

13069822v.1

127

# EXHIBIT G

1  SEYFARTH SHAW LLP
   Lorraine H. O'Hara (SBN 170153)
2  E-mail: lohara@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California  90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Jill Porcaro (SBN 190412)
6  E-mail: jporcaro@seyfarth.com
   333 South Hope Street, Suite 3900
7  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
8  Facsimile:  (213) 270-9601

9  Attorneys for Defendant
   MERCK SHARP & DOHME CORP.

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 IN AND FOR THE COUNTY OF ORANGE

13  JASON D. FRUDAKIS, an individual,      Case No. 30-2010-00431914-CU-OE-
    on behalf of himself and all persons   CXC
14  similarly situated,

15               Plaintiff,                **DECLARATION OF REGINA
                                            CAPIRAL IN SUPPORT OF
16        v.                                REMOVAL**

17  MERCK SHARP & DOHME CORP.,
    and Does 1 through 50,
18
                 Defendants.
19

20

21

22

23

24

25

26

27

28

───────────────────────────────────────────

                   **DECLARATION OF REGINA CAPIRAL**

13071599v.1

## DECLARATION OF REGINA CAPIRAL

I, Regina Capiral, hereby declare:

1.    I make the following declaration in support of the Notice of Removal by Merck Sharpe & Dohme, Corp., Defendant in this action, filed by Jason D. Frudakis ("Plaintiff"). I have personal firsthand knowledge of the following facts and if called to testify, I could and would testify competently to them.

2.    I am employed by Merck Sharpe & Dohme, Corp. ("Defendant" or "Merck") as Sr. Human Resources Business Partner. I have held this position since approximately May 1997. In my position, I provide HR support to Merck's West COG which is the area that Plaintiff worked in during his employment with Merck. I have personal knowledge of Merck's organization as part of my normal business responsibilities. I also have obtained information and reviewed business records concerning the organization of Merck and its operations in the United States and internationally. The information compiled (as set forth in this declaration, below) is based on my personal knowledge as well as the records maintained in Merck's regular practice and in the course of Merck's regularly conducted business activity.

3.    For purposes of making this declaration, I reviewed Merck's business records that were compiled by Merck's payroll and human resources personnel concerning Merck's operating activities within the State of California, including Merck's payroll database of its employees. It is my understanding that the information compiled (as set forth in this declaration, below) was taken from records of acts or events made at or near the time by, or from information transmitted by, a person with personal knowledge, and such records were and are made and maintained in Merck's regular practice and in the course of Merck's regularly conducted business activity.

4.    Merck maintains business operations in all fifty states in the United States and in Puerto Rico. Merck, also maintains business operations in other

1

**DECLARATION OF REGINA CAPIRAL**

13071599v.1

1    countries.  Merck is now, and ever since this action commenced has been,

2    incorporated under the laws of the State of New Jersey, with its principal place of

3    business in Whitehouse Station, New Jersey.

4          5.     Merck maintains its national corporate office at 1 Merck Drive,

5    Whitehouse Station, New Jersey.  Merck's executive operations are managed from

6    this location, including but not limited to, those operations relating to

7    administering company-wide policies and procedures, legal affairs, and general

8    operations of its pharmaceutical business.  Merck's Chief Executive Officer

9    maintains his office in New Jersey, as does Merck's president.  Merck considers

10   and treats New Jersey as its headquarters.

11         6.     During the period of January 1, 2007 through December 31, 2007,

12   Merck has continuously employed an approximately 650 employees as sales

13   representatives within the state of California.  During the period of January 1, 2008

14   through December 31, 2008, Merck has continuously employed approximately 509

15   employees as sales representatives within the state of California.  During the period

16   of January 1, 2009 through December 31, 2009, Merck has continuously employed

17   approximately 428 employees as sales representatives within the state of

18   California.  During the period of January 1, 2010 through December 31, 2010,

19   Merck has continuously employed approximately 452 employees as sales

20   representatives within the state of California.

21         7.     During the period of January 1, 2007 through December 31, 2007,

22   Merck's California sales representatives earned an average base salary of

23   $76,680.02.  During the period of January 1, 2008 through December 31, 2008,

24   Merck's California sales representatives earned an average base salary of

25   $82,332.85.  During the period of January 1, 2009 through December 31, 2009,

26   Merck's California sales representatives earned an average base salary $86,134.82.

27   During the period of January 1, 2010 through December 31, 2010, Merck's

28   California sales representatives earned an average base salary of $97,773.25.

2

**DECLARATION OF REGINA CAPIRAL**

Merck's California sales representatives earned an average base salary of $97,773.25.

8.    During the period of July 21, 2009 through November 2, 2010, approximately fifty-five of Merck's California sales representatives terminated their employment either voluntarily or involuntarily from Merck.

9.    During the year 2010, Merck paid its sales representatives' wages monthly.

10.    Plaintiff was employed by Merck in California continuously from June 12, 2006, through September 27, 2010. Plaintiff's last known address, according to Merck's employment records, is 3803 Stearnlee Avenue, Long Beach California, 90808. According to Merck's employment records there are multiple other employees working for Merck in California as sales representatives who reside in California.

11.    Attached hereto as Exhibit 1 is a report generated by Merck of Plaintiff's Compensation History. The compensation data contained in the report of Plaintiff's Compensation History is maintained by Merck in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed on this 25th day of January, 2011, at Irvine, California.

_____
REGINA CAPIRAL

**DECLARATION OF REGINA CAPIRAL**

13071599v.1

# EXHIBIT 1

Compensation History - Manager                                                                 Page 1 of 1

### Employee Information
## Compensation History

#### Jason Frudakis

| Employee Job Information |
|---|

**WIN:**                 10184191

**Department**            Los Angeles

**Job Code:**             153442      Refer to Position Title

**Employee Status**       Active

#### Salary History

| Date of Change | Action | Reason | Annual Salary | Currency | Compensation | Currency | Frequency |
|---|---|---|---|---|---|---|---|
| 04/01/10 | Pay Rt Chg | Merit | 69,564.000 | USD | 5,797.000 | USD | Monthly |
| 01/01/10 | Posn Chg | Position Data Update | 67,044.000 | USD | 5,587.000 | USD | Monthly |
| 01/01/10 | Data Chg | Data Correction | 67,044.000 | USD | 5,587.000 | USD | Monthly |
| 07/01/09 | Data Chg | Conversion Adjustment | 67,044.000 | USD | 5,587.000 | USD | Monthly |
| 04/01/09 | Pay Rt Chg | Merit | 67,044.000 | USD | 5,587.000 | USD | Monthly |
| 03/01/09 | Data Chg | Change in Freq, Pay Cls or Grp | 63,852.000 | USD | 5,321.000 | USD | Monthly |
| 02/01/09 | Transfer | Standard/Reassignment | 63,852.000 | USD | 5,321.000 | USD | Monthly |
| 11/01/08 | Pay Rt Chg | Periodic Performance | 63,852.000 | USD | 5,321.000 | USD | Monthly |
| 02/04/08 | Return-DIS | Return from STD | 60,240.000 | USD | 5,020.000 | USD | Monthly |
| 11/06/07 | STD w/Pay | Short Term Disability With Pay | 60,240.000 | USD | 5,020.000 | USD | Monthly |
| 11/01/07 | Pay Rt Chg | Periodic Performance | 60,240.000 | USD | 5,020.000 | USD | Monthly |
| 04/01/07 | Data Chg | Unspecified | 58,320.000 | USD | 4,860.000 | USD | Monthly |
| 10/01/06 | Posn Chg | Transfer | 58,320.000 | USD | 4,860.000 | USD | Monthly |
| 07/01/06 | Data Chg | Change General Location | 58,320.000 | USD | 4,860.000 | USD | Monthly |
| 06/12/06 | Hire | Hire Employee | 58,320.000 | USD | 4,860.000 | USD | Monthly |

#### Variable Cash Compensation

| Payout Date | Plan Year | Plan Description | AIP Award % | Award Value | Currency |
|---|---|---|---|---|---|
|  |  |  |  | 0.00 |  |

#### Stock Incentive Details

| Grant Date | Grant Description | Number of Shares | Grant Price (Per Share) | Currency |
|---|---|---|---|---|
| 04/24/2009 | NQSO - ANNUAL | 300 | 23.450 | USD |
| 02/29/2008 | NQSO - ANNUAL | 300 | 44.300 | USD |

\* Grant price is based on Grant Date

Return to Employee Information

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**


This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## SACV11- 146 DOC  (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge


==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|


Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

---

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JASON D. FRUDAKIS, an individual, on behalf of himself and all persons similarly situated

**DEFENDANTS**

MERCK SHARP & DOHME CORP., and Does 1 through 50

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Norman B. Blumenthal (SBN 68687)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
Tel: 858-551-1231/Fax: 858-551-1223

**Attorneys** (If Known)

Lorraine H. O'Hara (SBN 170153) lohara@seyfarth.com
Jill Porcaro (SBN 190412) jporcaro@seyfarth.com
SEYFARTH SHAW LLP
333 South Hope Street, Suite 3900, Los Angeles, CA 90071-1406
Tel: 213-270-9600/Fax: 213-270-9601

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** Not stated.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Petition for Removal - 28 U.S.C. §§ 1332(d)(2), 1441, and 1446 (Diversity). Putative class and collective action alleging violation of the Fair Labor Standards Act ("FLSA"), the California Labor Code and Unfair Competition under Cal. Bus. Professions Code § 17200, et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL PROPERTY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☒ Yes

If yes, list case number(s): U.S. District Court, Southern District of California Case No. 10 CV2509 LCAB

**OR OFFICE USE ONLY:** Case Number: _____ **SACV11-00146**

CV-71 (07/05)                         **CIVIL COVER SHEET**                    Page 1 of 2

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): <u>Frudakis v. Merck Sharp & Dohme Corp., 10CV2509LCAB, United States District Court, Southern District of California</u>

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles.

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
New Jersey

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Plaintiff alleges a nationwide putative collective action. Plaintiff further alleges a statewide California putative Class Action.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Jill A. Porcaro *[signature]*  Date January 25, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com